FERDINAND VASSAULT, Appellant, v. EDWARD C. KIRBY, Respondent.

No. 1969; April 28, 1871.

A Judgment on the Pleadings, on a Motion Therefor, can be Rendered only on averments of the pleadings, admitted or not denied, justifying a judgment on one side or the other as the case may be.

Pleading—Averments not Expressly Denied are Admitted.—An averment of a complaint which the answer, not denying expressly, by its language leaves it merely to be inferred to be denied is, under the rules of pleading, admitted.

Contract—Time to Accept of Essence.—When, under the terms of a contract, so many days are given by one party to the other in which to make up his mind whether he will accept, time is always of the essence.

Contract—Manner of Acceptance.—Except When so Expressed in the contract, acceptance of its terms, where time has been allowed to decide in, need not be by word of mouth, but the accepting party may apprise the other of his decision by a note left at his place of business within the time.

APPEAL from Twelfth Judicial District, San Francisco County.

Harmon & Estee for appellant; Campbell, Fox & Campbell for respondent.

See Vassault v. Austin, 32 Cal. 597; Vassault v. Austin, 36 Cal. 691; Vassault v. Edwards, 43 Cal. 458.

CROCKETT, J.—This is an action to compel the specific performance of a written contract for the conveyance of a lot of land in the city of San Francisco. The defendant filed an answer to the complaint, and on the trial the plaintiff moved for a judgment against the defendant on the pleadings. A similar motion was made by the defendant for judgment against the plaintiff, both of which motions were heard together, and the plaintiff's motion was denied, and the defendant's granted. From this ruling the plaintiff has appealed.

The written contract is set out in the complaint and bears date April 21, 1868; but the complaint avers that it was, in fact, executed on the 22d of April. The contract states that on that day the defendant had sold to the plaintiff the lot in contest, for the price of twelve thousand dollars in gold coin, of which the defendant had received fifty dollars as part payment; that the sale was "subject to a search of, and an approval of the title," and that if the title was rejected as bad, the defendant was to refund the fifty dollars advanced, but if the title was approved, the defendant was to convey the property, on the payment of the remainder of the purchase money; and the last clause of the contract is in the following words: "And I hereby allow fifteen days for the approval or rejection of the title to said lot." The instrument was signed by both parties.

In order to decide whether judgment was properly rendered for the defendant on the pleadings, it becomes material to ascertain what facts the pleadings admit to be true. A judgment on the pleadings upon a motion for judgment, and not on a submission of the cause on the pleadings and proofs, can only be rendered when, on the material facts admitted or not denied, the judgment should be for the one side or the other, as the case may be. The complaint, after setting out the contract, and averring that it was, in fact, executed on the 22d instead of the 21st of April, proceeds to state that on the seventh day of May, 1868, and within fifteen days after the execution of the contract, the plaintiff, being satisfied with the title, called repeatedly at the defendant's usual place of business, within the usual business hours, for the purpose of notifying him that the title was approved, and

to tender the remainder of the purchase money, but was unable to find the defendant or to learn where he was; that being unable to find the defendant, he left a note for him, on that day, at his said place of business, stating his readiness to complete the purchase in accordance with the contract; that on the following morning (May 8th), the defendant called on the plaintiff, and after exhibiting the note left for him by the plaintiff, refused to convey the lot, or to proceed further in the transaction; that on the 7th of May, the defendant intentionally remained absent from his place of business, and concealed himself from the plaintiff, in order to prevent a tender of the purchase money, and to keep the plaintiff from notifying him that the title was approved and that he would take the lot on the terms agreed upon; that on the 23d of May, he tendered the purchase money and a proper deed of conveyance for execution by the defendant, and requested a conveyance, which was refused and the defendant yet refuses to convey.

The answer admits the execution of the contract and the payment of the fifty dollars; but denies that it was executed on the 22d of April, and avers that it was executed on the day it bears date (April 21st); it also denies that "within fifteen days after the execution of said agreement, plaintiff called during business hours at the Bank of British North America, defendant's usual place of business, or at any place, for the purpose of finding him or notifying him of his, plaintiff's, approval of said title, or that he, plaintiff, would take said real estate described in said agreement at the price stated, or at any price," or for the purpose of tendering the purchase money, or for any purpose; and alleges that the plaintiff did not, at any time within the time specified in the contract, notify or attempt to notify the defendant in any way, or at any place, that he approved the title or was ready or willing to consummate the purchase or pay the purchase money; but, on the contrary, neglected and failed to perform either of those acts, within the fifteen days specified in the contract, or until after said time had fully elapsed; and it denies that on the 7th of May, or at any time, the plaintiff left at the defendant's usual place of business, or at any place, for the defendant, a note of the character described in the complaint, or any note; it also denies that the defendant, on the

7th of May or at any time, absented himself from his usual place of business or secreted himself from the plaintiff, for the purpose stated in the complaint; but, on the contrary, during the whole of said fifteen days, the defendant was at his usual place of business during business hours, performing his accustomed duties; and that on the 6th of May (which he avers was the fifteenth day after the execution of the agreement), he remained at his place of business until a later hour than usual, for the sole purpose of giving the plaintiff an opportunity to notify him of his approval or rejection of the title; it admits that on the 23d of May the plaintiff tendered some money and a deed to be executed; but denies that the tender was duly made or the deed was a proper deed of conveyance, or that it was done in accordance with the contract. The answer then avers that on the 8th of May, the defendant notified the plaintiff that he (the defendant) was no longer bound to sell the lot to the plaintiff under the contract, and would not sell the same to him, but offered to refund the fifty dollars, which the plaintiff refused to accept, and still refuses.

On one point the answer must be deemed evasive. The complaint avers that on the 7th of May the plaintiff repeatedly called at the defendant's place of business to notify him that the title was approved and to tender the purchase money; but was unable to find the defendant, after diligent search and inquiry. In reply to this averment, the answer does not deny that the plaintiff called for the purpose stated on the 7th of May, but denies that he called "within fifteen days after the execution of said agreement"; and averring that the contract was executed on the 21st of April, the fifteen days expired on the 6th of May. This averment of the complaint must therefore be deemed to be admitted, except in so far as it is inferentially denied by the allegation in the answer that the defendant, from the time of the making of the contract, up to the time of filing the answer, had never secreted himself for the purpose alleged, "but on the contrary thereof, defendant alleges that on each and every day (excepting Sundays) since the making of said agreement to the present time, and during all business hours, to wit, from 9 o'clock in the morning until 4 o'clock in the afternoon, defendant has been regularly at his usual place of business,

to wit, the Bank of British North America, on California street, between Montgomery and Sansome streets'' (which was well known to plaintiff to be his usual place of business), and attending to his usual business, in the ordinary and usual course thereof. This argumentative denial of a specific averment is not admissible in pleading. If the defendant intended to put in issue the specific averment that on the 7th of May the plaintiff called repeatedly at his place of business, for the purpose stated, and was unable to find him, he should have explicitly denied this fact in the answer; but, as we have seen, there was no denial on this point, except by inference, which, in pleading, is equivalent to no denial at all. In framing the answer, the pleader doubtless proceeded on the theory that the contract was made on the 21st of April, and that the fifteen days expired on the 6th of May. Consequently, that it was immaterial whether or not the plaintiff made any effort, successful or otherwise, to find the defendant on the 7th of May; and for that reason, perhaps, it was not deemed necessary to put in issue that portion of the complaint.

From this summary of the pleadings it appears that the following facts were admitted and none others, to wit: 1st. That the written contract set out in the complaint was duly executed and delivered; but the time when it was made is in issue; 2d. That fifty dollars on account of the purchase money was paid at the time of executing the contract; 3d. That on the 7th of May the plaintiff called at the defendant's place of business several times for the purpose of notifying him that the title was approved and to tender the purchase money, but failed to find the defendant; 4th. That on the 8th of May the defendant notified the plaintiff that he considered himself as no longer bound by the contract, and declined to proceed further in the business; 5th. That on the 23d of May, the plaintiff tendered some money and a deed to be executed by the defendant, which he declined to execute and refused to accept the money.

On these facts was the defendant entitled to judgment? In the solution of this question we are not at liberty to assume that the written contract was executed on the 21st of April. That fact is directly put in issue by the pleadings, and until there is a trial of the issue, we are unable to decide whether

it was in fact made on the 21st or 22d of April. For the purposes of the motion by the defendant for judgment, it was the duty of the court to assume that this disputed fact was found in favor of the plaintiff; for it is evident there could be no judgment against the plaintiff on the pleadings, founded on the assumption of a material fact, which he denied. But assuming the contract to have been executed on the 22d of April, as claimed by the plaintiff, was the defendant nevertheless entitled to judgment on the admitted facts? If the contract was made on the 22d of April, the fifteen days expired on the 7th of May; and plaintiff had the whole of that day, by the terms of the contract, and under the well-known rule for computing time in such cases, within which to notify the defendant that he approved the title and had decided to take the lot. As we have seen, the pleadings admit that on that day he made diligent, but unsuccessful, efforts to find the defendant at his usual place of business, for the purpose of giving him the necessary notice. Was this sufficient, or was it incumbent on the plaintiff, on pain of losing the benefit of the contract, actually to give the required notice? Would no amount of unsuccessful diligence suffice? Would no accident, however unavoidable, excuse the omission? Suppose the defendant, not for the purpose of defeating the contract, but for some sufficient and proper cause, had, on that day, been absent from his home and place of business, so that he could not be personally notified, would this excuse the plaintiff, or if the plaintiff had been prevented by some sudden and unavoidable calamity, from giving the notice on the precise day, would this be a sufficient excuse? The plaintiff insists that time is not of the essence of this contract, and that he was not bound to perform it within the fifteen days. But this proposition is not tenable. It is not a question whether a contract, once entered into, must be strictly performed within the specified time; but the point here is, that the plaintiff was allowed fifteen days to decide whether or not he would enter into the contract of purchase at all. Up to that time he had not bound himself to purchase, except on a condition that the title proved satisfactory. He was allowed fifteen days to solve this doubt, and to decide whether or not he would enter into the contract of purchase. It was obviously the intention of the parties to limit the time to the

43

fifteen days. Both the parties so understood it, and hence the plaintiff made a great effort, as he alleges, to perform the condition within that period, and the defendant claimed to be released as soon as the time had expired. Time, therefore, was of the essence of the contract, and it was incumbent on the plaintiff to give the notice within the fifteen days, unless a strict performance of this condition may be excused, and unless he has shown a sufficient excuse. The general rule in respect to the performance of conditions precedent is, that they must be strictly performed, unless a performance has been prevented or waived by the other party, or has been prevented by the act of God, or a public enemy. It is not claimed that this case falls within either of these latter categories; but it is insisted that the plaintiff did all he could to perform, and that his failure to give the notice to the defendant personally on the 7th of May was caused by his inability to find the defendant at his place of business on that day. It is not one of the admitted facts that the defendant intentionally absented himself on that day to prevent a performance by the plaintiff; on the contrary, this fact is not only explicitly denied, but the defendant further denies that on that day he was absent from his place of business in the usual business hours, unless it may have been temporarily, for short periods, in the performance of his ordinary duties. We must assume, therefore, that the failure of the plaintiff to find the defendant was caused by no fraudulent conduct or violation of duty by the latter, but was the result of his temporary absences during the day, in the usual course of his business, and without fault upon his part. The defendant, therefore, was in no default and did nothing of which the plaintiff can complain, as tending to prevent a performance by him. Whilst the defendant was in the performance of his ordinary daily duties at his usual place of business, if his occasional, temporary absences, for his usual business purposes, prevented the plaintiff from giving the required notice to the defendant in person, in no just or legal sense can it be affirmed that the failure of the plaintiff was caused by the defendant. It was not incumbent on the defendant to depart from his usual business habits during the fifteen days, in order to increase the opportunities of the plaintiff to give the notice; and the plaintiff took the hazard of being able and

finding an opportunity to give the notice within the specified time, provided the defendant did nothing to obstruct him. But was it indispensable that the notice should be given to the defendant in person; and if so, does the complaint show that it was so given, by means of the note left at his place of business? If it does not sufficiently appear from the complaint that the note was actually received by the defendant on the 7th, was the leaving of the notice at the defendant's usual place of business on that day a compliance with the contract in that behalf? The contract does not, in terms, stipulate that any notice shall be given; but, as already indicated, we think its legal effect rendered it incumbent on the plaintiff to make his election, and notify the defendant of it, within the fifteen days. But the contract is wholly silent as to the mode of giving the notice; and in the absence of a stipulation on that point, any mode of giving it would be sufficient whereby the plaintiff distinctly informed the defendant that he accepted the title, and was ready and willing to complete the purchase. The complaint, after alleging that the plaintiff repeatedly called at the defendant's place of business on the 7th of May to give him the required notice, and that he was unable to find him, avers that on that day he left a note for the defendant at said place of business, "stating his readiness to complete said purchase, in pursuance of the terms of said agreement"; that on the next morning the defendant called on the plaintiff, exhibited the note left by the plaintiff the day before, and informed him that he would not proceed further in the business. If these facts be conceded to be true, as they must be for the purpose of the defendant's motion for judgment on the pleadings, it not only appears that the requisite notice was left for the defendant on the 7th, but the presumption would be strong that he received it on that day. But whether he actually received it on the 7th or not, we think the leaving of the notice at his usual place of business, under the circumstances stated in the complaint, was a sufficient compliance with the requirement of the contract in this respect.

Judgment reversed and cause remanded for a new trial.

I concur: Sprague, J.

We concur in the judgment: Temple, J.; Rhodes, C. J.