[No. 11439.  Department Two. — August 27, 1886.]

SOUTHERN PACIFIC RAILROAD COMPANY, AP-
PELLANT, *v.* W. W. TERRY, RESPONDENT.

CONTRACT FOR SALE OF LAND — ACCEPTANCE OF OFFER CONTAINED IN CIRCU-
LAR — RAILROAD LANDS. — The action was brought to recover the pos-
session of certain land forming part of the railroad lands of the plaintiff.
The defendant settled upon the land, under the provisions of a printed
circular issued by the plaintiff, inviting settlers to go upon its lands and
occupy and use them until the company was ready to sell, and giving to
such settlers the right to purchase on certain terms and conditions, all
of which the defendant had complied with, except the completion of the
purchase, which the plaintiff refused to permit.  *Held,* that the accept-
ance by the defendant of the offer contained in the circular constituted a
contract of sale, and established the relation of vendor and vendee be-
tween the plaintiff and the defendant, and that as the defendant was
rightfully in possession, the plaintiff could not recover.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*Curtis & Otis,* and *Satterwhite & Curtis,* for Appellant.

*Rowell & Rowell,* and *H. M. Willis,* for Respondent.

McKEE, J.—This is an action of ejectment.  The de-
manded premises are a portion of the railroad lands of
the Southern Pacific Railroad Company, the plaintiff in
the action.

Defendant settled upon the lands under the provisions
of a printed circular issued by the railroad company,
inviting settlers to go upon its lands and occupy and use
them until such times as it would be ready to sell, when,
upon an application to buy, made to the land agent of
the company, the company would sell, at prices based
upon the value of the lands, "to such persons as were
then in possession by occupation and cultivation or im-
provements."  To such persons the circular declared:—

"If the settler desires to buy, the company gives him

the first privilege of purchase at the fixed price, which in every case shall only be the value of the lands, without regard to the improvements.

"It must be understood that the application of a speculator, or of a person who does not improve or occupy the lands, will not, although received first, take precedence or priority of that of the settler, whose application may perhaps be filed last of all.

"The actual settler in good faith will be preferred always, and the land will be sold to him as against every other applicant."

In due time after the issuance of the circular, the company graded its lands, and fixed the price per acre at which it proposed to sell to settlers upon the lands. The defendant was notified of the fact; and on the 22d of June, 1883, he applied to the land agent of the company to purchase the demanded premises, upon which he and his family were then residing, and which he had occupied, cultivated, and improved since 1882; and in connection with his application, he tendered the twenty per cent of the purchase price required by the circular of the company, and offered to comply in all other particulars with its terms and conditions. But the plaintiff denied his application, and refused to sell him the land "on any terms whatever."

That the company could not legally do, because the offer which it made to sell its lands to actual settlers having been accepted by the defendant, who settled upon a portion of the lands, constituted a contract of sale, and established the relation of vendor and vendee between the company and the defendant as a *bona fide* settler. (*Boyd* v. *Brinckin*, 55 Cal. 427.)

As vendee of the land, the defendant was therefore rightfully in the possession at the commencement of the action; and as he had offered to perform the contract between him and his vendor, and is ready and willing to perform it according to its terms, the company had

no legal right to eject him. Nor could it refuse to sell the land to him, except for good cause. (*C. P. R. R. Co. v. Mudd,* 59 Cal. 585; *Whittier* v. *Stege,* 61 Cal. 238.)

The company based its refusal to sell upon the ground that there were two applications made to purchase the land, which raised a contest about the right to purchase, and that contest was heard and determined by the land agent of the company against the defendant and in favor of one Randall, the contesting applicant, under the following provision of the company's circular:—

"When there are two or more applicants for the same tract, an adjudication of their respective claims will be made by the land agent, upon due notice (thirty days) given to the parties, and the right to buy at the appraised valuation will be awarded to the applicant who shall be deemed to have the most equitable claim."

Randall had filed an application to purchase the land on the 21st of April, 1883,—two months before the filing of the defendant's application; but he had never settled upon the land, or occupied and cultivated or improved it. He founded his application upon some conveyances of the land which he had obtained in the year 1883 from the grantees of one Cram, who in the year 1882 had occupied and cultivated the land jointly with the defendant, but on or about the 1st of December, 1882, vacated and abandoned his possession in favor of the defendant, who has since exclusively occupied the land. Randall was therefore a mere applicant to purchase the land, without the qualifications required by the circular of the company, and had no equitable claim to the land, or any right to purchase it. The circular itself declared:—

"The company also wishes it to be known that a mere application to buy land, unaccompanied by actual improvement or settlement, confers no right or privilege which should prevent any actual settler from taking it, if vacant, into possession and cultivating and improving it."

The land agent of the company had therefore no power to award to Randall the land of which the defendant was in possession as an actual settler.

We find no reversible error in the record.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.