[Sac. No. 500.   Department Two.—November 29, 1898.]

MARY A. BRIND, as Administratrix, etc., Appellant, v. JOHN GREGORY, as Guardian, etc., et al., Respondents.

JUDGMENT UPON PLEADINGS—SUFFICIENCY OF ANSWER—STATUTE OF LIMITATIONS—ESTOPPEL OF FORMER JUDGMENT.—A plaintiff is not entitled to a judgment upon the pleadings, if the answer pleads the statute of limitations, and an estoppel by a former adjudication of this court between the same parties.

MOTION FOR NEW TRIAL—SKELETON STATEMENT.—Where the judge certifies that the engrossed statement on motion for a new trial is a mere skeleton, and does not contain all the evidence offered at the trial tending to prove the allegations of the answer, and where it appears that it does not adequately present the evidence in respect to which errors are claimed, the statement may be disregarded.

ID.—DOCUMENTARY EVIDENCE—DECREE OF DISTRIBUTION—COLOR OF TITLE—ADVERSE POSSESSION.—A decree of distribution, under which defendants entered into possession and claimed adversely, even if not regularly made and entered, is admissible in favor of the defendants, as showing color of title, under which they claimed in support of adverse possession.

ID.—UNAVAILABLE EXCEPTION—ABSENCE OF EVIDENCE—PRESUMPTION.—
An exception to the admission of documentary evidence and of
the testimony of witnesses to show adverse possession, is un-
available, where none of the evidence excepted to is set out in
the statement; and it must be presumed, in the absence of the
evidence admitted, that it was relevant and material.

ID.—RES ADJUDICATA.—Questions of law already decided by this court
between the same parties, upon former appeals, will not be re-
viewed upon a subsequent appeal.

APPEAL from an order of the Superior Court of Placer
County denying a new trial. W. H. Grant, Judge.

The facts are stated in the opinion.

James Gartlan, for Appellant.

F. P. Tuttle, for Respondents.

CHIPMAN, C.—Action by plaintiff, as administratrix with
the will annexed, to recover possession of certain lands as prop-
erty belonging to the testate's estate. Defendants had judg-
ment, from which an appeal was taken. (Sacramento No. 418.)
Judgment was affirmed. (Opinion filed April 21, 1898, 15 Cal.
Dec. 162.) This present appeal is from the order denying plain-
tiff's motion for a new trial. The facts in the case and a gen-
eral statement of the pleadings and findings are given in the
opinion filed in the appeal from the judgment already referred
to. As matter of law, the lower court found plaintiff's cause of
action barred by the statute of limitations and that plaintiff is
estopped from maintaining the action.

Plaintiff was not entitled to judgment on the pleadings. The
answer pleaded the statute of limitations and an estoppel by rea-
son of the former decision of this court between the same par-
ties. Even if the statute of limitations was not a good plea
(which we think it was), defendants were entitled to be heard on
the plea of estoppel by the judgment in *Gregory v. Gregory,* 102
Cal. 50. In Sacramento No. 418 it did not appear that any
motion for a new trial was ever made or passed upon, and the
statement was held not to come within section 950 of the Code
of Civil Procedure, and could not be considered. By a bill of
exceptions in this transcript it appears that, owing to the dis-
qualification of the resident trial judge, some delay occurred

CXXII. CAL.—31

in having the motion for a new trial passed upon, but it was finally heard and denied, and the appeal from the order was taken in time. Except as to these facts the two transcripts are the same. It was held in Sacramento No. 418 that there was nothing in that record which shows the finding as to adverse possession to be erroneous. Nor is there in this record.

The certificate of the judge to what is called an "engrossed statement on motion for a new trial" states that it is "but a skeleton, and does not contain all the evidence offered at the trial tending to prove the allegations of the answer of the defendants. I believe it correctly states the exception taken to certain documentary evidence, but for some reason unknown to me the attorneys have failed to make a full and complete statement containing all of the evidence. . . . . Hence, with these limitations, I settle the statement as presented." We think the statement might well be entirely disregarded because of its utter failure to adequately present the evidence of which errors are claimed. Even the documentary evidence above referred to by the judge is not sufficiently given or identified to admit of intelligent review. However, so far as we can do so, the alleged errors will be noticed. Exception 2 relates to the admissibility of a decree of distribution offered by defendants and admitted. This decree was not, as near as we can find out, admitted because regularly made and entered, but as showing color of title under which defendants claimed in support of adverse possession. It was admissible for that purpose. Defendants did not claim title through this decree, and hence the cases cited by plaintiff are not in point. Exception No. 3 was to the admission of "documentary evidence and testimony of witnesses to show title by adverse possession." None of this evidence is set out. As defendants had the right to prove that issue, we must, in the absence of the evidence, presume that it was relevant and material. The same may be said of exceptions 4, 5, and 6. Whether the evidence was insufficient to support the findings we are unable to determine because the evidence is not given in the transcript. An examination of the opinions in *Gregory v. Gregory, supra,* and in the appeal from the judgment in this case will disclose the fact, we think, that the legal propositions on which appellant now relies have been passed upon adversely to her

contention.   Her rights were substantially determined in these appeals.  So far as we can see, the questions already decided are sought to be reviewed by the appeals from the judgment and order in this action.

The order should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing  opinion the order is affirmed.                    Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.