[Sac. No. 587.   In Bank. — February 25, 1901.]

## F. C. CROSBY, Appellant, v. OWEN CLARK, Respondent.

EJECTMENT — CROSS-COMPLAINT — TRUST — PURCHASE OF RAILROAD LAND — FRAUD UPON SETTLER. — In an action of ejectment for land purchased by plaintiff from a railroad company, the defendant, in possession, who had acquired a settler's preference right of purchase under a circular issued by the railroad company, may by cross-complaint enforce a trust against the plaintiff for fraud in procuring the title, by misrepresenting to the railroad company that the defendant had left the land and that his whereabouts were unknown.

ID. — ISSUE AS TO MISREPRESENTATION OF DEFENDANT'S ABANDONMENT — SUFFICIENCY OF FINDING — FRAUDULENT PURPOSE. — Under an issue joined as to a misrepresentation by the plaintiff that the defendant had abandoned the land, at the time when plaintiff applied to purchase it, a finding that the plaintiff was informed of and knew all the facts in the case relating to the right of the defendant, "and for the purpose of defrauding the defendant, and of reaping benefit thereby for himself, and well knowing the rights of the defendant in the premises, did induce the said corporation to sell to him, said plaintiff, the lands and premises in question," though not as specific as the evidence under the issue would warrant, is sufficient to support a judgment for defendant.

ID. — PURCHASE BY PLAINTIFF WITH KNOWLEDGE OF DEFENDANT'S RIGHTS — TRUST. — The fact that the purchase was made from the railroad company, by the plaintiff, with knowledge of the defendant's rights as an actual settler, and of the agreement between him and the

CXXXII. Cal. —1                    (1)

railroad company, is sufficient to charge the plaintiff as an involuntary trustee for the defendant, under section 2224 of the Civil Code.

ID. — BETTER RIGHT TO PROPERTY — RELIEF IN EQUITY. — Where one person has acquired the legal title to property to which another has a better right, and to whom it ought, in equity and good conscience, to go, equity will convert him into a trustee for such other person.

ID. — VENDOR AND PURCHASER — POSSESSION TAKEN UNDER OFFER IN CIRCULAR — CONTRACT OF SALE. — An offer made in the circular of a railroad company, to sell its lands to actual settlers, is accepted by taking possession in good faith, in pursuance of the circular, as an actual settler, and the offer and acceptance constitute a contract of sale, which establishes the relation of vendor and vendee between the railroad company and the *bona fide* settler.

ID. — OFFER TO SETTLERS OF PREFERENCE "GENERALLY" — RECOGNITION OF DEFENDANT'S RIGHTS BY COMPANY. — The fact that the offer in the circular was, that "settlers and actual occupants, who in good faith cultivate and improve lands belonging to the company, will *generally* be given preference of purchase at the graded price," cannot qualify the rights of the defendant against the plaintiff, when it appears that the railroad company recognized the defendant's rights as an actual settler, and held itself ready to carry out its offer to the defendant, and was only prevented from so doing by plaintiff's fraud.

ID. — AMENDMENT OF CROSS-COMPLAINT — AVERMENT OF TENDER AND DEPOSIT IN COURT. — The court properly allowed the defendant to amend his cross-complaint by averring a tender to the plaintiff, before suit, of the purchase-money for the land, and the deposit thereof in court for the plaintiff.

PLEADINGS — AMENDMENTS FAVORED. — Amendments to pleadings, so as to enable the party to prove all the facts necessary to his cause of action, are favored, subject to the right of the opposite party to a continuance in case of surprise, or subject to such other terms as may be just. It can rarely happen that a court would be justified in refusing a party leave to amend his pleading so that he may properly present his case.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

A. L. Hart, and Pullen & Wallace, for Appellant.

W. H. Carlin, and L. L. Chamberlin, for Respondent.

VAN DYKE, J.—The action is in the nature of ejectment, brought to recover a portion of the south half of the northwest

quarter of section 25, township 13 north, range 6 east, Mount Diablo base and meridian, the land being situate in Placer County. The plaintiff deraigns title to the land in question under a deed dated July 26, 1887, from the Central Pacific Railroad Company, which company, it was admitted, became the owner of the lands in the year 1862 by a grant under the act of Congress of that year. By way of cross-complaint the defendant set up a prior right to purchase from the railroad company the land in question, based on the offers of said company, contained in its printed circulars, inviting settlement on its lands, and the acceptance, by the defendant, of said offers, and the settlement upon and continuous occupation of the land from the year 1872, and by written application to purchase, made to the land agent of the company, in pursuance of its offers contained in said circulars, on December 7, 1874. It is also alleged in defendant's cross-complaint that the deed to the plaintiff was fraudulently procured by means of false representations made by the plaintiff, with full knowledge of the facts and rights of the defendant, to the land agent of the company, to the effect that the said defendant had abandoned the land, which representations were made for the purpose of defrauding the defendant. It is further alleged in the cross-complaint, that after the execution of the deed to the plaintiff the defendant tendered to the plaintiff, and offered to pay him, the full amount of all moneys and expenses paid by him for the said deed and as the purchase price of said land and premises, and demanded a conveyance of said land and premises from the plaintiff, and tendered said money into court, and prayed that it be adjudged and decreed that the defendant is the owner of said land and premises, and that the plaintiff has no right and title in the same, and for general relief.

The case was tried upon the issues raised by the answer to said cross-complaint, and the findings of the court were in favor of the defendant. The offers contained in the circulars issued by the railroad company are fully set forth in the findings. They, in substance, invite persons who desire to purchase lands from the railroad company, including settlers, preemptors, and other claimants, to make application to the land agent of the company at Sacramento, describing the land by legal subdivisions, stating that such application will be filed, and that the party would be allowed three months to complete the purchase, and that during that time the land would not be

sold to another, without giving the applicant thirty days' previous notice; that actual occupants of lands belonging to the company will generally have a preference in the purchase at the regular price; and that no addition to the price would be made where there were improvements on the lands made by the settler; that in the case of conflicting claims an adjudication of the respective claims would be made by the land agent, on due notice given to both parties, and that persons desiring to purchase could buy on a credit of five years, by paying twenty per cent of the price down, and interest, annually, in advance, on the remainder, of ten per cent per annum. It is also found, that, induced by and wholly relying upon the offers, promises, and inducements made and held out to him by said corporation, the said defendant did, in the year 1872, enter and settle upon the described lands and premises, and has ever since, in such reliance and faith, held possession thereof, and did improve and possess said lands and premises, and that said defendant did accept the said offer and promises of the said corporation, contained in the circulars aforesaid, and did file with said corporation, and deliver to, and the same was received and accepted by it, his said acceptance and application to purchase said lands, in accordance with the terms of said circulars; that, at the said time, when the defendant filed his application, to wit, December 7, 1874, said corporation had not fixed the price of said lands and premises, and the same were not ready for transfer by said corporation; that the price was not fixed until the year 1887; that from the said December, 1874, down to and including the twenty-seventh day of July, 1887, said defendant was and continued to be in the open, actual, and sole possession and use of said lands and premises, visibly and notoriously, and during all said time did use and improve the same, and pay all the taxes thereon; that in the year 1887 the said corporation did fix the said price of said lands, and place and offer the same formally for sale; that the said defendant was at all times willing, able, and ready to pay the said corporation its said price, in accordance with the terms of said circulars; that the said corporation failed and neglected to notify the defendant of the fixing of said price of said lands, or that said lands and premises were offered and ready for sale, and that said defendant did not know nor have any knowledge, prior to the date of the deed of plaintiff, that the said lands and premises were offered for sale,

or were ready for sale; that said plaintiff was informed, and was cognizant of, and knew all and singular the matters and things aforesaid, and for the purpose of defrauding said defendant, and of reaping the benefit thereby for himself, and well knowing the rights of the defendant in the premises, did induce the said corporation to sell to him, said plaintiff, the lands and premises in question, and did then, to wit, July 27, 1887, receive from said corporation the deed in question; and as a conclusion of law, that the plaintiff have and receive the sum so deposited in court by the defendant, and that the defendant be decreed the owner in fee, and entitled to the possession, of the land and premises in controversy, and for the costs of suit.

1. The appellant makes the point that the court failed to find that the plaintiff falsely represented that the defendant had abandoned the land in question at the time he made application to purchase. The land agent of the railroad company testified that the plaintiff was informed of the application of the defendant to purchase, and of his rights in the premises, and the deed was withheld, pending the filing of relinquishment or abandonment of the defendant's application, which was then on file in the land department of the railroad company, and that the plaintiff subsequently called at the office of said land department, and stated that the defendant had left the premises in question, and that his whereabouts were unknown. Although the finding is not as specific as the testimony would warrant, it is sufficient, in this respect, to support the judgment. It is, that the plaintiff, knowing all the facts and circumstances, and knowing the rights of the defendant, and for the purpose of defrauding him, "did induce said corporation to sell to him." It clearly appears that the plaintiff could not have obtained his deed from the railroad company while the land was in the actual occupation and possession of the defendant, claiming rights under the offers and inducements of said company, without obtaining a relinquishment of the rights of said defendant, or, at any rate, after notice and hearing. "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing for the benefit of the person who would otherwise have had it." (Civ. Code, sec. 2224; Story's Equity Jurisprudence, sec. 885; Pomeroy's Equity Jurisprudence, sec. 1053.) *Boyd* v. *Brinckin*, 55 Cal. 427, was a case

similar to the one under consideration. That was ejectment, commenced by the plaintiff, to which the defendant, by way of cross-complaint, set up substantially the same facts as those that are contained in the cross-complaint of the defendant in this case. A demurrer interposed to this cross-complaint, on the ground that it did not state facts sufficient to constitute a defense or cause of action against the plaintiff, was sustained. On appeal, the judgment entered upon the demurrer was reversed. In speaking of the nature of the contract between the defendant, who had settled upon the land, and the railroad company, the court remarks that a contract of this character belongs to the group which is said to be "created by representations made by one party, and acts done by the other party upon the faith of such representations." (Pomeroy on Contracts, sec. 69.) "And further, the defendant alleges that the plaintiff, before and at the time of purchasing, had knowledge of the agreement between the defendant and the railroad company, and of all of the defendant's acts thereunder. If so, the plaintiff took the land impressed with a trust in favor of the defendant, and holds it in trust for the defendant, and can be compelled, at the suit of the defendant, to specifically perform the agreement of the railroad company by conveying the land in the same manner and to the same extent as the railroad company would have been liable to do had it not transferred the legal title, and the plaintiff is the proper party in the suit against whom to demand the conveyance." *Southern Pacific R.R. Co.* v. *Terry*, 70 Cal. 484, was an action of ejectment to recover possession of the land occupied by the defendant. The defendant settled upon the land under the provisions of the printed circulars of the railroad company inviting settlers to go upon such lands and occupy and use them until such time as it would be ready to sell,— similar to the circulars and offers in the present case. When the land was graded and the price fixed, the defendant made application, under the circulars and offers, to the land agent of the company to purchase, and his application was refused. The court, in its opinion, says that the company could not legally do this, "because the offer which it made to sell its lands to actual settlers, having been accepted by the defendant, who settled upon a portion of the lands, constituted a contract of sale, and established the relation of vendor and vendee between the company and defendant

as a *bona fide* settler," and affirmed the judgment in favor of the defendant.

2. The appellant contends, however, that the cases referred to are not authority, for the reason that the offer of the company contained in the circulars in this case is different from the offer in the other cases, in this: the language of the offer in this case, as already shown, is, "settlers and actual occupants, who in good faith cultivate and improve lands belonging to the company, will generally be given preference of purchase at the graded price." The word "generally" was omitted from the offers in the cases under consideration, in *Boyd* v. *Brinckin*, and *Southern Pacific R. R. Co.* v. *Terry, supra*. However, in *Kelly* v. *Central Pacific R. R. Co.*, 74 Cal. 557,[1] the terms of the offer contained in the circular were identical with the offer in the present case. That was an action to compel the defendant to specifically perform a contract for the sale of the land. It appears that one Cole had settled upon the land in question, and continued to reside thereupon and make improvements, relying upon circulars issued by the railroad company similar to those referred to in this case, and believing that he would have the prior right to purchase from the company; and it appears that Kelly resided in the vicinity, and knew all the facts, and of Cole's equities. Cole intervened in the action, and prayed for the conveyance of the land in controversy to him. The court below decreed that the land be conveyed to Cole, and Kelly appealed. The findings showed that by reason of false representations made by Kelly to the land agent of the railroad company, which were untrue, and known to be untrue by him at the time, the company was deceived, and entered into said contract; and upon becoming aware of the deception which had been practiced by Kelly, refused to carry out the contract and make a conveyance. On the appeal, in reply to the contention of Kelly that the false representations were not productive of injury to the railroad company, this court said: "It is not necessary that the injury should result to the vendor. It is sufficient if it would result to third persons"; and the judgment was affirmed. In *Stark* v. *Starr*, 6 Wall. (U. S.) 419, it is said, "that where one party has acquired the legal title to property to which another has a better right, a court of equity will convert him into a trustee

[1] 5 Am. St. Rep. 470.

of the true owner"; and in *Johnson* v. *Towsley*, 13 Wall. (U.S.) 85, the court said: "If for any reason recognized by courts of equity as a ground for interference in such cases, the legal title has passed to one party when in equity and in good conscience it ought to go to another, a court of equity will convert him into a trustee."

In this case it appears that the railroad company held itself ready to carry out its offer to the defendant under the circulars in question, and was prevented from doing so only by the fraudulent interposition of the plaintiff, and under well-settled principles of law the plaintiff should not be permitted to reap the fruits of his fraud.

3. The court did not err in allowing the defendant to amend his cross-complaint, pleading a tender and offer to deposit in court, nor in denying plaintiff's motion to strike out said amendment. Amendments to pleadings, so as to enable the party to prove all the facts necessary to his cause of action or defense, are favored. If by reason of such amendment the opposite party is taken by surprise, the cause can be continued, or time allowed to meet the amendment, or such other terms imposed as may be just under the circumstances. It can very rarely happen that a court would be justified in refusing a party leave to amend his pleading so that he may properly present his case. (Code Civ. Proc., sec. 473; *Guidery* v. *Green*, 95 Cal. 630; *Stringer* v. *Davis*, 30 Cal. 321; *Burns* v. *Scooffy*, 98 Cal. 271.)

The conclusion reached renders it unnecessary to consider the question of adverse possession and the statute of limitations.

The judgment and order appealed from are affirmed.

McFarland, J., Garoutte, J., and Harrison, J., concurred.

Rehearing denied.