[L. A. No. 2406. Department Two.—September 29, 1910.]

C. E. NORTON et al., Copartners, etc., Appellants, v. CHARLES N. BASSETT et al., Respondents.

AMENDMENT OF COMPLAINT—RIGHT TO AMEND AFTER REVERSAL—DISCRETION.—Upon the reversal on appeal of a judgment for the plaintiffs, their right to amend the complaint is generally a matter of absolute right, and when it is refused the court must be able to say that the complaint cannot be so amended as to state a good cause of action. Notwithstanding this rule, there is always in the granting or refusing to grant leave to amend, the exercise of the discretion of the trial court.

ID.—AMENDMENT WHEN PERMISSIBLE.—In general, the test as to whether or not the court has abused its discretion will depend upon whether the amendment is a permissible amendment which will perfect a cause of action otherwise imperfectly pleaded.

ID.—FACTS CONTRARY TO THOSE TESTIFIED TO ON FORMER TRIAL.—After a reversal on appeal of a judgment in favor of plaintiffs, it is not an abuse of discretion for the trial court to refuse an amendment to the complaint setting up facts directly contrary to those testified to by them on the former trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court and in the former opinion in the same case reported in 154 Cal. 411, [97 Pac. 894].

Tanner, Taft & Odell, and W. R. Bacon, for Appellants.

Flint & Barker, Barker & Bowen, and Gray, Barker & Bowen, for Respondents.

MELVIN, J.—On the former appeal in this case (*Norton* v. *Bassett*, 154 Cal. 411, [97 Pac. 894]) it was held that the statute of limitations barred the prosecution of this action by the beneficiaries out of possession. The facts will be found fully stated in the opinion handed down in that case. After this decision plaintiffs undertook in the trial court to change their complaint so as to obviate the difficulty and remove the bar of the statute by amendments to the following effect:—

"That said plaintiffs have been in possession of said lands from the time the same were purchased as aforesaid up to the date of bringing this suit. . . . That said Charles N. Bassett, defendant, and said F. M. Kelsey, administrator, and said B. A. Nebeker, guardian, as aforesaid, each had actual notice of said interest and claim of plaintiffs in and to the premises mentioned in this complaint, and to the moneys arising from the profits thereof and the sale of lots, and had actual notice of the possession by said plaintiffs of said premises, and having notice it was expressly agreed that the plaintiffs should continue to act as the selling agents for said premises. and from sales of lots the proceeds should be paid over to said F. M. Kelsey, administrator, during the time that he was administering said estate, and to the guardian, B. A. Nebeker, during the time that the said Charles N. Bassett was a minor, to be applied as originally agreed between the said O. T. Bassett and plaintiffs and said Si Roll and at all times the said administrator and the said guardian and the said Charles N. Bassett admitted and recognized the claims and possession of said plaintiffs until the time when the said Charles N. Bassett arrived at the age of twenty-one years."

Upon objection of defendants the superior court, with the record of the trial before it, refused plaintiffs' leave to amend in these particulars, and entered judgment against them and in favor of defendants.

Upon this appeal plaintiffs insist that they were entitled of right absolute to amend, and if such was not their absolute right it was an abuse of the discretion of the court to refuse its permission to them to do so. In the matter of amending pleadings this court has always counseled and sanctioned great

liberality. No discussion upon so plain a proposition is necessary. Thus in *People* v. *Mt. Shasta Co.,* 107 Cal. 258, [40 Pac. 391], it is said: "The court refused to allow the plaintiff to amend the complaint. This is generally a matter of absolute right, and when it is refused the court must be able to say that the complaint cannot be so amended as to state a good cause of action." (See, also, *Crosby* v. *Clark,* 132 Cal. 8, [63 Pac. 1022].) But while such is the undoubted rule, there is always in the granting or refusing to grant leave to amend, the exercise of the discretion of the trial court. (*Britain* v. *Oakland Bank of Savings,* 124 Cal. 291, [71 Am. St. Rep. 58, 57 Pac. 84]; *Bank of Woodland* v. *Heron,* 122 Cal. 107, [54 Pac. 537].) Speaking generally, it may be said that the test as to whether or not the court has abused its discretion, will depend upon whether the amendment is a permissible amendment which will perfect a cause of action otherwise imperfectly pleaded. In this case the court had tried the action, had taken all of the evidence of all of the parties, from which evidence it was satisfied that plaintiffs were not in possession of the land, and could not prove such fact upon a new trial without gross stultification of the evidence which they had formerly given. In its findings upon the former trial the court declared: "It is true that the plaintiffs did not, nor did either of them, during the course of administration of the estate of O. T. Bassett assert or attempt to establish in the said proceeding any right to the possession of the said land or any part thereof." The amendment was offered nearly six years after the action was begun, after it had been prosecuted and tried upon an entirely different theory, and after all the evidence touching possession was before the trial court. Satisfied, as that court was, that this evidence did not and could not be held to establish possession in the plaintiffs, it was not only no abuse of discretion, but it was the duty of the court to refuse to allow amendments which would effectuate only a protraction of the litigation without changing the result. The argument that the title held by O. T. Bassett, deceased, will be regarded as a mere mortgage which has been paid in full, and that this action will therefore be treated as an action to redeem, is untenable. Whatever may have been the relation between the parties, however much the deed to Bassett may have partaken of the characteristics of a mortgage, it was, and was

by the court found to be, a deed conveying to him the legal title, and the failure of the plaintiffs to prosecute their cause of action against the involuntary trustee, after the death of Bassett, results in perfecting that legal title.

No other point seems to call for special attention.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Henshaw, J., concurred.