[L. A. No. 6598. In Bank.—August 19, 1921.]

## R. M. HALE, Appellant, v. JOHN M. GARDINER et al., Respondents.

[1] PLEADING—MOTION FOR JUDGMENT—TRUTH OF ANSWER—SCOPE OF ADMISSION.—A motion for a judgment on the pleadings admits the truth of the answer for the purposes of the motion only.

[2] ID.—AFFIRMATIVE ALLEGATIONS OF ANSWER—IMPLIED DENIAL.— Under the code system of pleading, the affirmative allegations of the answer are deemed denied, and all affirmative matters by way of replication are deemed to have been pleaded by the plaintiff.

[3] ID.—LIBERALITY IN AMENDMENT OF PLEADINGS.—The utmost liberality is allowed in amending pleadings to conform to the truth, and to allow a party to escape from the effects of ill-advised allegations of law or fact.

[4] ID.—DUTY OF COURT ON MOTION FOR JUDGMENT.—If it appears on plaintiff's motion for a judgment on the pleadings that the de-

fendants have failed to fully or correctly state their defense, they should be allowed to amend their answer, and if the motion is not well taken, it should be denied and the case set down for trial on the issues raised.

[5] ID.—DENIAL OF MOTION—LEAVE TO AMEND ANSWER—ERRONEOUS JUDGMENT FOR DEFENDANTS.—Where the court in denying a motion by plaintiff for judgment on the pleadings granted the defendants leave to amend their answer and set the case down for trial on the issues raised, it was error to render judgment for the defendants at the time fixed for trial, on the theory that the plaintiff had admitted the truth of the answer by his motion, since the granting of leave to amend and the acceptance of the privilege was in effect a finding that the answer was insufficient and that the motion was well taken and an admission by the defendants of the insufficiency of their answer.

[6] ID.—ACTION ON PROMISSORY NOTE—JUDGMENT ON PLEADINGS.— Where in an action on a promissory note the answer admitted the allegations of the complaint and also affirmatively showed that the plaintiff advanced the money on the note, the plaintiff was entitled to judgment on the pleadings, and the fact that it was further shown that the consideration was used to promote a proposed corporation instead of by the defendants was of no significance, since the consideration for defendants' promise was the advancement of the money.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Reversed.

The facts are stated in the opinion of the court.

Jeff. P. Chandler and Howard W. Wright for Appellant.

Henry M. Willis for Respondents.

WILBUR, J.—Plaintiff brought suit upon a promissory note executed by the defendants March 30, 1917, payable one year after date. The complaint stated a cause of action. Defendants answered, admitting the allegations of the complaint. After admitting the making of the note and its non-payment, defendants allege that the note was made in connection with the formation of a corporation and in pursuance of a written agreement, a copy of which is attached to and made a part of the answer. It is alleged that in pursuance of this agreement the plaintiff advanced two thousand dollars for expenses in connection with the organization of the

new corporation, of which sum the defendants received two hundred dollars for work in connection with such organization. It is alleged that the corporation was duly organized and named the Pacific Public Service Corporation. The written contract provided that upon the incorporation of the company the corporation would substitute its promissory note with like terms and conditions and in like amount, and that such substituted note should be in lieu of the note signed by the defendants. That upon the organization of the corporation a resolution was passed whereby the corporation accepted the obligation represented by the note and authorized and directed its president and secretary to execute and deliver to the plaintiff a new note of the same tenor upon his surrendering and canceling the note of the defendants, ''or at the option of said plaintiff that the president and secretary of the company were authorized and directed to indorse said original note of defendants in the name of the company.'' The corporation ever since the second day of May, 1917, has been ready, able, and willing to execute and deliver to plaintiff said company's note in substitution for the note of defendants, ''but that plaintiff has not presented to said company or to its officers said note of defendants. . . . Said note of said company has been duly executed by its duly authorized officers and is ready to be substituted for defendant's note held by defendant upon defendant's surrendering and canceling the same.'' It is further alleged in the answer: ''That no part of said sum of two thousand dollars was received by the defendants or any of them for their own use and benefit, and that all of said sum was expended solely for the use and benefit of the corporation aforesaid, 'Pacific Public Service Corporation.' That the defendants and *neither* of them have received *no* consideration for the said note.''

The plaintiff moved for a judgment on the pleadings on October 17, 1919, and the motion of plaintiff was denied by the following order: ''Motion of plaintiff for judgment on pleadings, J. P. Chandler and H. W. Wright representing plaintiff, and H. M. Willis and G. W. Bishop, representing defendant, is denied. Leave is granted to amend answer.'' In pursuance of said leave on October 23, 1919, the defendants filed an amendment to their answer as follows: ''The defendants allege that they received no consideration for the

promissory note mentioned and set forth in plaintiff's complaint, and that neither of them received any consideration for the said note." At the time fixed for the trial the following order was made by the court: "Defendant having moved the court for judgment herein on the ground that a motion for judgment on the pleadings on behalf of the plaintiff had heretofore been presented and denied, it is ordered that said motion for judgment for defendant be and the same is hereby granted and that plaintiff take nothing herein." Thereupon judgment was rendered against the plaintiff and in favor of the defendants for costs. The reason for the giving of the judgment was stated therein and for that reason we quote its recitals: "The defendants objected to any further trial of said cause, and moved the court to order judgment to be entered, adjudging that plaintiff take nothing by reason of said action, upon the ground that theretofore the plaintiff, having duly made and submitted a motion for judgment on the pleadings, had thereby duly submitted the said cause for final decision and determination and said motion having been duly denied, that said cause was thereby determined against said plaintiff, and that judgment should be entered against the plaintiff and in favor of defendants; and said objection and motion having been duly argued and submitted for consideration, and the court having fully considered the same, thereafter, on the twenty-seventh day of April, 1920, the court duly sustained said objection and allowed the said motion, and ordered that judgment be entered herein, adjudging that plaintiff take nothing by reason of said action . . . ''

The theory upon which judgment was rendered against the plaintiff is that the plaintiff's motion for a judgment on the pleadings admitted the allegations of the answer to the effect that there was no consideration for the note, and because of this admission that the defendants were entitled to a judgment on the pleadings. Thus the motion of the plaintiff for a judgment for two thousand dollars, interest and costs, is converted into a motion by the defendants or by the court for a judgment against him for costs. [1] The fallacy in this theory lies in the fact that a motion for a judgment on the pleadings admits the truth of the answer for the purposes of the motion only. [2] Under our system of pleading the affirmative allegations of the answer are deemed de-

nied, and all affirmative matters by way of replication are deemed to have been pleaded by the plaintiff. (Code Civ. Proc., sec. 462; *Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630].)

Plaintiff's motion for a judgment on the pleadings being denied, his implied replication would at once be restored to its full effect. If plaintiff's motion be deemed to have the effect of a joint motion by both parties for a judgment on the pleadings, if, after the denial of plaintiff's motion, we take up the consideration of the defendants' motion, by the same process of reasoning we would have defendants admitting the truth of the allegations of the implied reply; hence, their motion should also be denied, and still further, following the reasoning by which defendants secured judgment in the court below the admission of the truth of the implied replication would entitle the plaintiff to judgment after the denial of the defendants' implied motion.

However, litigation should not be disposed of on any such technical considerations. A litigant should not be compelled to secure the judgment of the court upon a debatable question of pleading at the expense of losing his case if the court differed in its conclusion from the contention of the party. Courts are not instituted or maintained to enable shrewd attorneys to practice legal gymnastics, but to administer justice. [3] The utmost liberality is allowed in amending pleadings to conform to the truth, and to allow a party to escape from the effects of ill-advised allegations of law or fact. (*Crosby* v. *Clark*, 132 Cal. 1, [63 Pac. 1022]; *Jamison* v. *Hyde*, 141 Cal. 109, 113, [74 Pac. 695].) [4] If it appears on plaintiff's motion for a judgment that the defendants have failed to fully or correctly state their defense, they should be allowed to amend their answer. On the other hand, if the plaintiff's motion is not well taken, it should be denied and the case set down for trial on the issues raised. [5] In this case both of these things were done, but the court instead of trying these issues erroneously ordered a judgment upon the theory that the plaintiff had admitted the truth of the answer on the hearing of the motion for judgment, and thus converted the order denying the motion into an order for judgment for defendants. This was erroneous, not only for the reason above stated, but also because on the hearing of the motion the granting of leave to defendants to amend and the acceptance of the privilege so

accorded was in effect a finding by the court that the answer was insufficient as it stood, and that the motion was well taken, and an admission by the defendants of the insufficiency of their answer. The leave to defendants to amend was general, and it would hardly be contended that the plaintiff in advance admitted the truthfulness of whatever the defendants might thereafter state in the amendments. Logically, the order of the trial court should have been: "Motion granted unless the defendants amend their answer within ten days." The denial of the motion was intended solely as a convenient method of disposing of the motion, in the light of the proposed amendment. It is stated in the brief that the purpose of allowing the amendment was to enable the defendants to correct a double negative by affirmatively denying that there was any consideration for the note. If the motion of plaintiff was predicated upon the fact that the answer, because of the inadvertence of the pleader, admitted a consideration when it was intended to deny such a consideration, it would be obviously unjust to base a judgment herein upon the theory that the plaintiff by his motion admitting that there was a consideration for the note, thereby admitted that there was *no* consideration for it. The fact is that the plaintiff never admitted, for any purpose or at any time, that there was no consideration for the note.

[6] There is, however, a more persuasive reason for a reversal of this judgment than yet stated. Plaintiff was entitled to a judgment on the pleadings as they stood both before and after the amendment to the answer. The affirmative allegations of the answer show that the plaintiff advanced two thousand dollars upon the promissory note. There was full consideration for the note, and the fact that the consideration was used to promote a proposed corporation instead of by the defendants is of no significance. The consideration for defendants' promise was the advance of the money by plaintiff. The answer contained an allegation that there was an agreement to substitute the note of the corporation for that of the defendants. But there was no allegation that such a note was ever tendered to the plaintiff. The agreement was, in effect, one on the part of the plaintiff to accept payment either in money or by a note of the corporation. Suit was not brought until the defend-

ants' note was due, at which time the substituted note of the
corporation would also have been due. Furthermore, the
contract between the plaintiff and the defendants provided
as follows: "In the event that the project outlined in this con-
tract is not approved by the Railroad Commission there shall
be no liability of first party to second party further under this
contract except to see that second party is repaid the promis-
sory note of the first parties given to second party, and that
second party receives return of such funds as remain in the
escrow in the Los Angeles Trust & Savings Bank." And it
is alleged in the answer "That the permit asked of the Cali-
fornia Railroad Commission by said Company was not
granted," and hence the obligation of the defendants to pay
the note still existed.

The respondents rely upon the decisions of the supreme
court of Washington in *State ex rel. Murphy* v. *Brown,* 83
Wash. 100, [145 Pac. 69], and *State ex rel. Brown* v. *Supe-
rior Court,* 87 Wash. 524, [151 Pac. 1126], to sustain the
procedure adopted in the trial court. It is sufficient to say
that the system of pleading in the state of Washington dif-
fers from ours, for in that state the plaintiff is required to
reply to the affirmative allegations of the answer, otherwise
the truth of such allegations is deemed to be admitted by
the plaintiff (sec. 277, Rem. & Bal. Ann. Codes & Stats. of
Washington), and in default of such reply the defendant
may move for a judgment on the pleadings (sec. 278, Id.).
Consequently the decisions cited have no application to our
system whereby the allegations of the answer are deemed to
be denied by plaintiff.

The same is true as to the decisions cited by respondent
from Nebraska, *Scofield* v. *State Nat. Bank,* 9 Neb. 316, [31
Am. Rep. 412, 2 N. W. 888]; *Boldt* v. *First Nat. Bank,* 59
Neb. 283, [80 N. W. 905] (Cobbey's Ann. Stats. of Nebraska,
secs. 1111, 1134, 1261). The text in 31 Cyc. 606, relied
upon by the respondent, must be construed in the light
of these authorities as applicable to those states in which
the failure of plaintiff to file a reply to the defendants'
answer operates as an admission of all new matter pleaded
in the answer, and not to this state, where such matter
is deemed denied and all affirmative allegations by way
of defense thereto are deemed to be pleaded. This im-
plied pleading is as much a part of the pleadings in the case

as the written pleadings filed with the clerk, and therefore to be considered when any affirmative action is taken against the plaintiff.

The respondent cites *Vassault* v. *Kirby,* 1 Cal. Unrep. 668, as the only California case sustaining the position of the trial court. The opinion in that case was concurred in by only two of the five justices of the supreme court, and hence is not authority.

Defendants have had two opportunities to present an answer, and in both instances have shown by their answer that plaintiff is entitled to a judgment. We can see no reason why judgment should not be ordered for plaintiff, with costs and attorney's fees.

Judgment reversed, with order to the trial court to enter judgment for the plaintiff for two thousand dollars, with interest, attorney's fees, and costs.

Shaw, J., Sloane, J., Lennon, J., Shurtleff, J., Lawlor, J., and Angellotti, C. J., concurred.