[Civ. No. 7057. Second Appellate District, Division Two.—December 14, 1931.]

EARL S. PATTERSON, Respondent, v. PACIFIC INDEMNITY COMPANY (a Corporation), Appellant.

204

Halverson & Halverson for Appellant.

Charles C. Montgomery and W. Fennimore Cooper for Respondent.

CRAIG, J.—An undertaking releasing an attachment levied by the respondent having been furnished by the appellant, the instant suit was based thereon, where the surety affirmatively alleged by answer that "immediately after the issuance of the execution in said action, said [defendant] duly filed and served therein its notice of appeal in said action and filed the undertaking therein within the time prescribed by law by good and sufficient surety in double the amount named in said judgment conditioned as prescribed by law, staying execution of said judgment pending and undetermined and said judgment and execution thereof has been duly stayed pending the determination of said appeal".

Judgment in favor of the plaintiff in this action was rendered upon the pleadings, and the respondent herein contends in support of such judgment that the matters so alleged were insufficient to preclude recovery of the amount of the first judgment, notwithstanding the pendency of the appeal.

Sections 942 and 946, respectively, of the Code of Civil Procedure, provide, in part:

"If the appeal be from a judgment or order directing the payment of money, it does not stay the execution of judgment or order unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment or order."

"Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, and releases from levy property which has been levied upon under execution issued upon such judgment; provided, however, said property shall not be released from the levy, if the respondent excepts to the sufficiency of the sureties within five days after the giving of the undertaking staying execution until such sureties, or others, justify in the manner prescribed by law."

The complaint alleged that execution issued, and than on the following day the same was returned unsatisfied. As alleged by the defendant and appellant, immediately after the issuance of the execution it appealed and filed an undertaking within the time prescribed by law in double the amount of the judgment, and that execution was stayed pending appeal. It is not suggested that an exception to the surety suspended release of the levy of execution. Inapt as the failure of more specific detail may render the defendant's answer, it cannot be said that the allegations do not furnish complete bar to satisfaction of the writ or grounds for its return unsatisfied. An appeal does not stay execution unless a written undertaking be executed in accordance with the foregoing sections prescribing its form and substance and the time within which it shall be furnished. In order to stay execution an appellant is required to perfect its appeal as provided by the

Code of Civil Procedure. Appellant's answer alleged that its appeal was taken immediately after the *issuance* of execution, that the undertaking was filed as prescribed by law, and that the judgment and execution were stayed "pending the determination of said appeal". "The question here is: When was execution on the judgment in the attachment suit enforceable? The answer is: As soon as entered (Code Civ. Proc., sec. 681), unless an appeal was taken at once and stay band given." (*Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740 [91 Pac. 416, 418].) ▮ Whenever a stay bond shall have been properly executed and the sureties shall have justified, if required so to do, the appeal is said to have been "perfected" in the sense in which the term is used in the Code of Civil Procedure. (*Hill* v. *Finnigan*, 54 Cal. 493.) ▮ While the allegation is not free from ambiguity as to whether the filing of the undertaking took place immediately after the issuance of the execution, it is at least susceptible to that interpretation, and therefore should be allowed with the issue presented as it is here. Having submitted the case upon the pleadings, the plaintiff admitted, for the purposes of such motion, all affirmative allegations of the answer. (*Schwab* v. *Richardson*, 188 Cal. 27 [204 Pac. 396].) ▮ Uncertainties and ambiguities must be specifically raised by proper procedure. The basis for relief and the effect of a motion for judgment upon the pleadings are those only which may arise upon the presentation of a general demurrer. (*People* v. *Board of Supervisors*, 27 Cal. 655; *Miller* v. *Price*, 103 Cal. App. 650 [284 Pac. 1035].) A plaintiff is not entitled to judgment on the pleadings if affirmative matter constituting any legal defense is presented by the answer. (*Brind* v. *Gregory*, 122 Cal. 480 [55 Pac. 250]; *Neale* v. *Morrow*, 174 Cal. 49 [161 Pac. 1165]; *Cass* v. *Rochester*, 174 Cal. 358 [163 Pac. 212].)

▮ Although, as stated, the affirmative allegations of the answer in the instant case did not assert facts and dates constituting a defense upon which the trial court might at a glance conclude that, if true, they entitled the defendant to judgment, yet if afforded their natural and probable intent, they were sufficient to create a substantial defense upon which the defendant was entitled to be heard. "A litigant should not be compelled to secure the judgment

of the court upon a debatable question of pleading at the expense of losing his case if the court differed in its conclusion from the contention of the party. Courts are not instituted or maintained to enable shrewd attorneys to practice legal gymnastics, but to administer justice. The utmost liberality is allowed in amending pleadings to conform to the truth, and to allow a party to escape from the effects of ill-advised allegations of law or fact. (*Crosby v. Clark,* 132 Cal. 1 [63 Pac. 1022]; *Jamison v. Hyde,* 141 Cal. 109, 113 [74 Pac. 695].) If it appears on plaintiff's motion for a judgment that the defendants have failed to fully or correctly state their defense, they should be allowed to amend their answer. On the other hand, if the plaintiff's motion is not well taken, it should be denied and the case set down for trial on the issues raised." (*Hale v. Gardiner,* 186 Cal. 661 [200 Pac. 598].)

The result follows that the pleadings do not conclusively show that execution was not stayed and that the respondent was entitled to a judgment in all essentials savoring of a confession or default.

The judgment is reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.