HYMEN ZELEN, APPELLANT, V. DOMESTIC INDUSTRIES, INC.,
APPELLEE.

282 N. W. 387

FILED NOVEMBER 10, 1938. No. 30391.

*Mockett & Finkelstein,* for appellant.

*Stewart, Stewart & Whitworth, contra.*

Heard before ROSE, C. J., EBERLY, CARTER and MESSMORE, JJ.

CARTER, J.

This is an action for damages for an alleged breach of contract entered into on March 1, 1932, between the plaintiff, Hymen Zelen, doing business under the trade-name of Western Electric Supply Company, and the defendant, Domestic Industries, Inc., a nonresident manufacturing corporation. At the close of plaintiff's evidence, the trial court directed a verdict in favor of the defendant and plaintiff appeals.

This is the second appearance of this case in this court, the former opinion appearing in 131 Neb. 123, 267 N. W. 352.

Under the terms of the contract entered into by the parties, the Western Electric Supply Company agreed to act

as the sole distributor of Buckeye electric refrigerators within the state of Nebraska, the defendant being the manufacturer thereof. Plaintiff further agreed to purchase 1,000 refrigerators at the price fixed by the contract for delivery in monthly quantities of not less than 100 from March to October of 1932, the terms of sale being sight draft with bill of lading attached, f. o. b. Columbus, Ohio.

On March 12, 1932, defendant shipped one car-load of refrigerators and forwarded a sight draft with the original bill of lading attached to the First National Bank of Lincoln for collection. Plaintiff refused to honor the sight draft, claiming that an oral agreement had been made previous to the signing of the written contract to the effect that plaintiff was not to be held to the quantity of refrigerators set out in the contract and that any refrigerators shipped were to be on open account and not by sight draft with bill of lading attached. After considerable correspondence, defendant waived the provision of the contract requiring plaintiff to honor the sight draft and released the car-load of refrigerators to the Union Terminal Warehouse Company, to be held by it subject to the order of the Western Electric Supply Company upon payment of the contract price of the refrigerators as they were removed from the warehouse.

On April 8, 1932, plaintiff ordered a second car of refrigerators and asked that they be shipped to the Union Terminal Warehouse Company, the same as before. Defendant again waived the terms of payment provided in the contract and shipped the refrigerators to the Union Terminal Warehouse Company. Plaintiff did not order any more refrigerators and on June 14, 1932, defendant canceled its contract with the plaintiff because of plaintiff's failure to take refrigerators in accordance with the quota contained in the contract.

Plaintiff contends that the court erred in sustaining objections to oral conversations had between the plaintiff and the agents and officers of the defendant company, which purported to show the inducements held out to plaintiff to obtain his signature to the contract. A reformation of the

contract was not sought. Fraud in obtaining the contract was not pleaded. The contract was completed and unambiguous. The applicable rule is that parol evidence of prior or contemporaneous agreements is not admissible to vary or contradict the terms of a complete and unambiguous written contract. *Weidenfeld v. Olson,* 132 Neb. 303, 271 N. W. 806. The trial court was correct in its ruling on this point.

The evidence discloses an express waiver by the defendant of the terms of sale of the first two car-loads of refrigerators shipped. The plaintiff ordered and received 75 refrigerators from defendant during March, 1932, his contract requiring him to take and pay for 100. The second car-load was shipped in April and contained 75 refrigerators, plaintiff's contract requiring him to take 150 during that month. Plaintiff failed to take any refrigerators in May, his contract requiring him to take 200 during that month. No refrigerators were ordered prior to June 14, 1932, the date of the cancelation of the contract by defendant. We have searched the record and have been unable to find any evidence of a waiver of the amount of refrigerators to be delivered under the contract. The contract itself provides: "You may cancel any monthly schedule or the entire order, however, this is only cancelable by your giving us thirty days notice before shipment is to be made. In the event that such cancelations are made, we have the privilege at our option to eliminate the exclusive arrangements in this territory or cancel the entire arrangements with your company." No notice was ever given in accordance with the above provision. If the notice had been given, defendant could, at its option, cancel the contract. Can it be said that the failure to give the notice can place the plaintiff in any better position? We think not. The contract by its terms makes the delivery and acceptance of the refrigerators according to the quota accompanying the contract an express obligation on the part of the plaintiff. Clearly plaintiff breached his contract in failing to receive and pay for the number of refrigerators called for in the contract. The

defendant therefore was acting within its legal rights when it canceled the contract.

But even if the contention of plaintiff was true that the agreement had been modified so as to eliminate the number of refrigerators to be purchased, still plaintiff could not recover, the applicable rule being: Where defendant agrees to supply plaintiff with certain merchandise to the extent that plaintiff may require, but plaintiff did not obligate himself to purchase any of such merchandise, the transaction between the parties does not constitute an enforceable contract, it being analogous to an option without consideration and it could be rescinded at any time. *Gross v. Stampler*, 165 N. Y. Supp. 214; *McAllister Lumber & Supply Co. v. Eldora Resort & Power Co.*, 51 Colo. 91, 116 Pac. 1038; *George W. Jennings, Inc., v. Hirsch Rolling Mill Co.*, 242 S. W. (Mo. App.) 1003.

We necessarily conclude that the trial court was right in directing a verdict for the defendant. The judgment is

AFFIRMED.