[Civ. No. 13939. First Dist., Div. Two. Aug. 5, 1949.]

GEORGE FABBRO, Respondent, v. DARDI & CO. (a Corporation), Appellant.

Keil & Connolly for Appellant.

Hardy, Carley & Brenner for Respondent.

DOOLING, J.—On March 15, 1945, the parties signed a document containing the following provisions:

"RECEIVED OF FABBRO'S CAFE

(Firm Name)

GEO. FABBRO

(Owner's Name as per State License)

| 2915 El Camino Real | | Redwood 578 |
| --- | --- | --- |
| (Address) | | (Phone Number) |
| Redwood City — | Calif. | C-6689-H |
| (City) | (State) | (State License Number) |

THE SUM OF    $1500  —    Fifteen Hundred Dollars

as deposit for an offer to purchase 500 cases of Calvert, Old Poindexter, Kinsey, Waterfill & Frazier or other advertised brands of straight or blended whiskey.

"Interest will be allowed to the buyer on such deposit at the rate of five per cent (5%) per annum from the date of the deposit to the date of complete termination or refund of deposit.

"The Buyer agrees to accept not less than 14 cases of whiskey per month.

"This offer to purchase is made at the Office of Price Administration's ceiling price at the time of delivery, plus actual cost of transportation.

"Seller is accepting this offer to purchase, subject to the arrival of the merchandise, with no responsibility for failure to make delivery due to laws, rules or regulations, war, strikes or any other conditions beyond its control.

"The total sales price shall not exceed O.P.A. ceiling price at time of delivery in California. In the event governmental regulation of prices on commodities shall cease, then the purchase price of the whiskey hereby contracted for shall be the prevailing market price of such whiskies in this area. Any increase in Federal, State or Municipal taxes after the execution of this agreement shall be added to sales price. Purchaser shall pay any balance due for merchandise within five days after notification of its arrival and shall receive merchandise immediately upon payment of such balance due. Failure to

make such payment as herein provided shall relieve seller of responsibility for delivery and deposit may be retained by seller as liquidated damages.

"This offer is subject to any and all Federal, State, and Municipal regulations in effect or put into effect in the future.

"Further, this deposit shall be considered an offer to purchase from Dardi & Company and therefore the right is reserved to return the above mentioned deposit should any condition arise which would make it necessary to do so."

On December 24, 1947, plaintiff filed a complaint in three counts. The second count may be disregarded since plaintiff admits that it did not state a cause of action. The first count pleaded the making of an agreement whereby plaintiff deposited $1,500 "as a deposit for an offer to purchase whisky" and the agreement to pay 5 per cent interest on said deposit "to the date of complete termination or refund of deposit." This count alleged in paragraph IV:

"That by the terms of said agreement, said deposit was to be considered an offer by plaintiff to purchase from defendant corporation."

Paragraph V alleged that on or about February 8, 1947, plaintiff revoked said offer and demanded the return of the deposit with 5 per cent interest which was refused.

The third count was a common count, therefore takes its color from count one (*Steffen* v. *Refrigeration Discount Corp.*, 91 Cal.App.2d 494, 500 [205 P.2d 727]) and may for that reason also be disregarded in considering this appeal.

Defendant filed an answer denying the allegations of paragraph V of the first count of the complaint, but containing an express admission "that plaintiff demanded the repayment to him of the Fifteen Hundred Dollars." For a second ground of defense defendant alleges the delivery and acceptance of "that certain offer to purchase and agreement" of March 15, 1945, and sets it forth *in haec verba*. The answer then alleges that "notwithstanding due demand therefor . . . plaintiff has accepted and paid for a total of only one hundred seventy-three (173) cases of the whiskey . . . and thereby plaintiff became and is in default . . ." The answer then alleges that defendant "has fully and faithfully performed each and all of the obligations" of said agreement and that the $1,500 was paid to defendant pursuant to its terms.

Plaintiff moved for judgment on the pleadings which was granted and judgment followed for $1,500 with interest, from which judgment defendant appeals.

It is plaintiff's theory that the deposit of $1,500, by the express terms of the agreement, constituted an offer which could be rejected at any time by defendant by returning it to plaintiff and the obligations of defendant could thereby be arbitrarily put at an end. For this reason plaintiff insists defendant's promise was illusory and no binding contract resulted. If plaintiff's construction of the document is correct his conclusion follows as a matter of law. "Mutuality is absent when one party to a contract reserves an absolute right to cancel or terminate it at any time." (4 Cal.Jur. 10-Yr. Supp. (1943 Rev.), Contracts, § 139, p. 96.)

In the case of an instalment contract, like this one, the contract if subject to cancellation by one party at any time is binding only to the extent to which it has been performed and is revocable by either party as to the portion not yet performed. "The law is well settled that, where a contract for the future delivery of personal property confers upon either party an arbitrary right of cancellation prior to delivery, it is lacking in mutuality and will be held binding upon the parties only to the extent that it has been performed." (*Motor Car Supply Co.* v. *General Household Utilities Co.,* 80 F.2d 167, 170; *E. I. Du Pont De Nemours & Co.* v. *Claiborne-Reno Co.,* 64 F.2d 224 [89 A.L.R. 238]; *Bendix Home Appliances* v. *Radio Accessories Co.,* 129 F.2d 177, 181; *Zelen* v. *Domestic Industries,* 135 Neb. 456 [282 N.W. 387]; *Baker Co.* v. *Ballentine & Sons,* 127 Conn. 680 [20 A.2d 82]; *Bernstein* v. *W. B. Mfg. Co.,* 238 Mass. 589 [131 N.E. 200]; 1 Williston on Contracts (rev. ed.) § 104, p. 352; 17 C.J.S., Contracts, § 100(d), p. 450.) In view of the fact that the time for full performance at 14 cases per month had not expired defendant's allegation of performance can only mean performance as to accrued instalments.

Plaintiff points to the provision of the document that $1,500 is received "as deposit for an offer to purchase"; and more particularly to its last sentence: "Further, this deposit shall be considered an offer to purchase . . . and therefore the right is reserved to return the . . . deposit should any condition arise which would make it necessary to do so." These make it clear, says plaintiff, that the deposit was only an offer subject to rejection by defendant at any time before the 500 cases had all been delivered. This was the view taken by the trial court which resulted in the judgment for plaintiff on the pleadings.

But, says defendant, this is not the meaning of the document. It expressly provides: "Seller *is accepting this offer* to purchase, subject to the arrival of the merchandise, with no responsibility for failure to make delivery due to laws etc. or any other conditions beyond its control." It thereby clearly indicates an acceptance of the offer creating a binding contract to deliver 500 cases of whiskey. It also contains an agreement to pay interest on the $1,500 deposited "to the date of complete termination or refund of deposit." The alternative "or" sets off "refund of deposit" as something different from "complete termination" and indicates that the refund of the deposit would not operate to terminate the contract. Also the document if it was the intention to provide that the return of the deposit should terminate the seller's obligations could have said so in express terms. Therefore the correct construction is that it, as seller, is bound to deliver 500 cases of whiskey absolutely, but may relieve itself of the obligation to pay 5 per cent interest by returning the deposit.

If the document is ambiguous on its face, and we think enough has been said to demonstrate that it is, extrinsic evidence is admissible to aid in its true construction. (*Universal Sales Corp.* v. *California Press Mfg. Co.*, 20 Cal.2d 751, 761 et seq. [128 P.2d 665] ; *Body-Steffner Co.* v. *Flotill Products, Inc.*, 63 Cal.App.2d 555, 560 et seq. [147 P.2d 84] ; 4 Cal.Jur. 10-Yr.Supp. (1943 rev.), Contracts, § 171, pp. 119-120.)

By granting the motion for judgment on the pleadings the trial court has deprived defendant of the opportunity to present extrinsic evidence to support its construction of the writing. Plaintiff points out that defendant did not deny his allegation: "That by the terms of said agreement, said deposit was to be considered an offer . . . to purchase . . ." This allegation only paraphrased the language of the writing and defendant may have deemed even a qualified denial unnecessary in view of its pleading of the writing *in haec verba* in its answer. The issues would have been sharpened if defendant had expressly pleaded its construction of the writing.

But a motion for judgment on the pleadings performs the office of a general, not a special, demurrer (*Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149 [157 P.2d 1], *MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 812 [161 P.2d 449] ) and where the answer, fairly construed, suggests that defendant may have a good defense a motion for judgment on the pleadings should not be granted to plaintiff (*Patterson* v. *Pacific Indem. Co.*, 119 Cal.App. 203, 206-207 [6 P.2d 102] ). At the

very least since the enactment of Code of Civil Procedure, section 472c, it is error to grant such motion without leave to amend the answer where it appears reasonably probable that defendant can raise a bona fide issue. (*MacIsaac* v. *Pozzo, supra,* 26 Cal.2d 809, 816.)

We are satisfied that the writing, depending on the showing made by way of extrinsic evidence, is sufficiently ambiguous to permit either construction suggested.

Judgment reversed with directions to permit defendant to amend its answer.

Goodell, J., concurred.