[Civ. No. 8826.   Third Dist.   Apr. 6, 1956.]

ANTHONY SEVERINI, Appellant, v. CHARLES EDWIN MASSAE, Respondent.

Leslie C. Gillen for Appellant.

Clewe, Blade & McDonald for Respondent.

SCHOTTKY, J.—Plaintiff commenced an action for damages for malicious prosecution against defendant Massae and certain fictitious defendants, alleging that said defendants maliciously and without probable cause charged plaintiff with the crime of offering to receive a bribe for testifying in a civil action; and that plaintiff was arrested on said charge, held in custody for five and one-half hours and thereafter held to answer to the superior court; that he was compelled to stand trial on said charge, and that on the second day of the trial the charge against him was dismissed by the district attorney. The complaint alleged in substance further that he was not guilty of the charge and that he had been greatly damaged.

Defendant Massae filed an answer admitting the making of the charge but denying that it was done "wrongfully and/or falsely and/or maliciously and/or without probable cause."

Thereafter defendant Massae filed a motion for summary judgment under section 437c of the Code of Civil Procedure asking the court to strike out the complaint and enter judgment in favor of defendant on the ground "that there is no issue between the parties that entitles plaintiff to any relief." Said motion was supported by the affidavits of defendant Massae, Robert V. Blade, one of his counsel, and R. A. Leonard, District Attorney of Butte County. These affidavits were in considerable detail and were amply sufficient to support defendant Massae's defense that he acted with probable cause and upon the advice of counsel.

Plaintiff filed his own affidavit in opposition to said motion in which he alleged that defendant Massae first approached

him and offered to bribe him to give favorable testimony in certain civil litigation pending against defendant Massae, and that he advised said defendant that he would not perjure himself. Plaintiff's affidavit denied the allegations in defendant Massae's affidavit that plaintiff had offered to testify in favor of defendant in return for money, and alleged that certain subsequent conversations between them which were recorded "were engaged in by affiant for the purpose and with the intent of procuring evidence with which to discredit and impeach said Massae as defendant in said litigation brought against him for fraud as aforesaid."

After a hearing the court granted said motion, and a summary judgment was entered, decreeing that the complaint be dismissed with prejudice. Plaintiff has appealed from said judgment, and his principal contention is that the court erred in determining that there were no triable issues of fact.

Section 437c of the Code of Civil Procedure provides in part as follows:

". . . when an answer is filed in any kind of action if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party, . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

The rules applicable to a motion for summary judgment under section 437c are well stated in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, at page 555 [122 P.2d 264], as follows:

"At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citing cases.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the

demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

"For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. (*McComsey* v. *Leaf, supra* [36 Cal.App.2d 132 (97 P.2d 242)] ; *Fuller* v. *General Acc. Fire & Life Assur. Corp., Ltd., of Perth, Scotland,* 224 Wis. 603 [272 N.W. 839] ; see 13 So.Cal.L.Rev. 523.) And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. (*McComsey* v. *Leaf, supra.*) "

Bearing the foregoing rules in mind we think it is clear that the court erred in granting the motion for summary judgment. It is evident from the court's memorandum opinion that the court was making a determination of fact from the affidavits as to the weight of the evidence on the issues of probable cause and advice of counsel, and did not give due consideration to the rule that the only issue to be determined by the court was whether or not plaintiff had "presented any facts which gave rise to a triable issue or defense, and not to pass upon or determine the issue itself . . ."

Upon the motion for summary judgment the court could not disregard plaintiff's allegation that defendant Massae first approached and tried to bribe him, but had to accept such allegations as true. And if defendant Massae did so approach plaintiff then it could hardly be true that Massae could believe that plaintiff was guilty of the crime charged, nor could it be true that he had made a full and fair disclosure of such fact either to his counsel or to the district attorney.

We think that plaintiff's affidavit showed clearly that there were triable issues of fact and, this being so, plaintiff

was entitled to a trial upon those issues, a full trial before a court or jury, in which trial he would have the opportunity to cross-examine defendant Massae and his witnesses.

Section 437c was never intended to deprive a party of a right to a trial. Defendant Massae contends that the ultimate question to be determined by this court is: Did the trial court abuse its discretion? While section 437c does use the language "in the discretion of the court," it must necessarily mean a legal discretion, and where, as here, it appeared that there were triable issues, there was no room for the exercise of any discretion, but rather it became the duty of the court to deny the motion.

No other points raised require discussion.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied April 25, 1956, and respondent's petition for a hearing by the Supreme Court was denied May 29, 1956.