[Civ. No. 21783.   Second Dist., Div. Three.   Jan. 7, 1957.]

BUDDY RICHARD BARASCH, Respondent, v. A. S. EPSTEIN, Appellant.

Samuel W. Blum, Irwin M. Fulop and Berne S. Rolston for Appellant.

Benjamin P. Riskin for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment for plaintiff entered on the granting on his motion for judgment on the pleadings.

The action is for money alleged to be due plaintiff from defendant. The question is the sufficiency of the answer. A plaintiff may recover judgment on a motion for judgment on the pleadings only if his complaint states facts sufficient to constitute a cause of action and the answer neither raises a material issue nor states a defense. (21 Cal.Jur. 235, § 164.) We have concluded that the answer explicitly traverses various material allegations of the complaint and that it was error to grant the motion.

Material allegations of the complaint and the answers thereto are:

| Complaint | Answer |
|---|---|
| 1. A. S. Epstein Associates Inc. is a California corporation | Admitted |
| 2. Defendant is the president of the corporation | Admitted |
| 3. The corporation is "dominated and controlled by" defendant and "there is such a unity and | |

| Complaint | Answer |
|---|---|

interest and ownership that there is no separateness in fact between'' the corporation and defendant .............................. Denied

4. Defendant was authorized and empowered to draw checks on the funds of the corporation.. Denied

5. The transactions took place in Los Angeles and all sums became due and payable in Los Angeles Denied

6. On August 28, 1950 plaintiff owned $18,000 of promissory notes executed by the corporation in his favor and 9 shares of the stock of the corporation ............................ Admitted

7. On that date plaintiff and defendant agreed in writing that plaintiff would sell the notes to defendant for $900 cash and 7,200 Israeli pounds, 1,200 pounds to be paid on or before November 1, 1950, and 6,000 pounds on or before January 1, 1951. The moneys, except the $900, were not paid by defendant on the dates mentioned..... Denied

8. On May 7, 1951 an agreement, partly oral and partly written, was entered into between plaintiff and defendant whereby it was agreed that in lieu of the 7,200 Israeli pounds, nine checks of 1,000 Israeli pounds each, payable on demand, would be drawn by the corporation in favor of plaintiff on its funds on deposit in the Palestine Discount Bank in Tel Aviv, Israel, and defendant would guarantee in writing that the checks would equal $12,000 in American dollars according to the prevailing rate of international exchange to be paid plaintiff. It was also agreed defendant would advance to plaintiff $4,500 against the $12,000 and plaintiff would give him credit for an additional $500.. Denied

9. The written part of the agreement of May 7, 1951 was addressed to plaintiff and is as follows:

"This agreement shall serve in effect as a letter of guarantee in which payment of 9,000 IL drawn in 9 1,000 IL checks on Palestine Discount Bank hereby personally guaranteed by the undersigned to be paid in America in dollars to the equal sum of $12,000 should said checks not be honored in Israel.

"These 9 checks are given for $18,000 in notes of A. S. Epstein Associates Inc. and 9 shares of stock of said Corporation.

| *Complaint* | *Answer* |
|---|---|

"These checks are payable on demand when presented for payment in Israel by you or your assignees. In the event these checks are lost, destroyed or otherwise mutilated so as not to be of value the undersigned guarantees to redraw said checks and honor their payment. A. S. Epstein." ............................... Admitted

10. On information and belief, the nine 1,000 IL checks were never issued or presented for payment at the Palestine Discount Bank in Israel.. Denied

11. Plaintiff has performed all acts required of him to be performed pursuant to the agreement of May 7, 1951. On May 7, 1951 plaintiff delivered and transferred to defendant the $18,000 in promissory notes and the 9 shares of stock, and defendant paid plaintiff the $4,500...... Denied

12. There is now due, owing, and unpaid from defendant to plaintiff $7,000, together with interest ................................ Denied

As a separate defense, defendant pleaded that the written agreement of May 7, 1951, should be interpreted so that his obligation as guarantor would mature and become operative only after the checks of the corporation, payable to plaintiff and drawn on Palestine Discount Bank, were first presented to and payment refused by the drawee bank; that plaintiff has failed to perform the conditions precedent to defendant's liability under the written instrument.

As a counterclaim defendant pleaded that on May 7, 1951, for a valuable consideration plaintiff executed to the corporation his promissory note for $5,000 payable September 1, 1951 without interest; as security for payment of the note plaintiff delivered to the corporation nine checks for 1,000 Israeli pounds each, payable on Palestine Discount Bank; the corporation assigned all its interest in the note and pledge to defendant; plaintiff has not paid any part of the note.

Judgment was for plaintiff for $7,000 and interest.

■ A motion by a plaintiff for judgment on the pleadings is in the nature of a general demurrer to the answer, and the motion must be denied if the answer raises a material issue or sets up affirmative matter constituting a defense. ■ Such a motion does not operate as a special demurrer. Uncertainty and ambiguities must be specifically raised by proper procedure. (*MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 812-813 [161 P.2d 449]; *Fabbro* v. *Dardi & Co.*, 93 Cal.App.2d 247, 252 [209 P.2d 91]; *Bergerow* v. *Parker*, 4 Cal.App. 169, 172 [87

P. 248].)  ▮  Where the answer, fairly construed, suggests that the defendant may have a good defense, a motion for judgment on the pleadings should not be granted.  (*Patterson v. Pacific Indem. Co.,* 119 Cal.App. 203, 206-207 [6 P.2d 102].)  ▮  The moving party admits the untruth of his own allegations insofar as they have been controverted, and all such averments must be disregarded whether there is a direct and specific denial or an indirect denial by virtue of affirmative allegations of a contrary state of facts.  (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 813 [161 P.2d 449] ; *Osborne* v. *Abels,* 30 Cal. App.2d 729, 730 [87 P.2d 404].)  ▮  Every allegation affirmatively pleaded in the answer must be deemed true. (*Cuneo* v. *Lawson,* 203 Cal. 190, 193 [263 P. 530].)

▮  It appears from analysis of the complaint and answer that the only facts admitted by defendant cannot sustain the judgment.  The denials of the answer are sufficient to, and do, create issues.  Proof of the allegations of the complaint, which are denied, is necessary before plaintiff may recover judgment.  Since the answer sets up a good defense and denies material allegations of the complaint, it is sufficient as against a general demurrer and plaintiff was not entitled to judgment on the pleadings.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 6, 1957.