[Civ. No. 9705.   Third Dist.   Jan. 13, 1960.]

WILLIAM C. RICHTER et al., Respondents, v. UNITED CALIFORNIA THEATRES, INC. (a Corporation), Appellant.

C. Keith Lyde for Appellant.

Clewe, Blade & McDonald for Respondents.

SCHOTTKY, J. — Defendant United California Theatres appeals from a judgment entered after the motions of plaintiffs William C. Richter and Bernard Richter for judgment on the pleadings and for summary judgment were granted.

In 1956 the Richters were asked by United California Theatres to submit bids for paving the Mesa Drive-in Theatre in Oroville. The property in question was owned by the Richters and leased to United. After examining the area to be paved the Richters wrote United: "We are pleased to quote the following rate of paving . . . 20, to 25,000 square feet including entrance and exit road for 6 cents (.06) per square foot; 2—applications of S-C-6 oil with the necessary rock chips. Also included in the above price a coat of oil on the road from Truckee to the property line entrance." Thereafter United, through its local agent Walter Tooley, told Richter that if two applications of oil were made and 27 pounds of rock screenings were applied to each square yard the "offer" would be accepted. The Richters accepted the counter-offer and the work was completed. It was determined that the area paved

was about 220,000 square feet. The Richters submitted a bill to United for $14,400 which United refused to pay.

The Richters then filed this suit. The first cause of action was in *quantum meruit*. The second cause of action alleged that the parties entered into an oral contract to do certain paving and oiling at the rate of six cents per square foot; that the work was completed and that as a result $14,400 was due which United refused to pay. It was later stipulated that the area paved was 220,984 square feet, which would mean the amount due was $13,256.04.

In its answer United denied an oral contract was entered into or that it promised to pay at the rate of six cents per square foot; denied that the work was done in accordance with the agreement; denied that $14,400 was due; admitted that it refused to pay $14,400 but alleged it offered to pay $1,500. Two separate defenses were pleaded. The first defense alleged a written offer on the part of the Richters to pave 20 to 25,000 square feet for six cents a square foot. (It should be noted that as the preliminary bargaining turned out the Richters were the offerees and United the offeror.) The second defense alleged that the Richters, prior to submitting their offer, carelessly measured the area and thereby understated the area and that United in accepting the bid did rely on the estimate of the Richters and that if United had known the actual area it would not have authorized the work and that as a result there was a mutual mistake.

■ It is well settled that if the answer puts in issue a material allegation or sets up affirmative matter constituting a defense a motion for judgment on the pleadings made by the plaintiff should not be granted. (*Bank of America* v. *Vannini*, 140 Cal.App.2d 120 [295 P.2d 102].) ■ In the instant case the answer denied a contract to pave more than 20 to 25,-000 square feet. It alleged a mutual mistake as to the area. It further stated that if the true area had been known United would not have entered into the contract. Basically, it was alleged that there was a contract for paving only part of the area. If true, the Richters would not be entitled to recover for the entire work performed under the contract. When a defense is raised by an answer it is error to grant a judgment on the pleadings. (*Fabbro* v. *Dardi & Co.,* 93 Cal.App.2d 247 [209 P.2d 91].)

Appellant's second contention is that the court erred in granting the motion for summary judgment. This contention must be sustained.

The motion for summary judgment was filed on May 16, 1958. Plaintiffs filed three affidavits in support of the motion for summary judgment. The first by Bernard Richter alleged that he and United's local manager met at the drive-in theatre where the manager pointed out and marked the area to be paved; that at the time the declarant estimated the area to be between 200,000 and 250,000 square feet; that he, on behalf of the Richters, declared that if Richter Brothers were given the contract to do the work they would without charge oil a certain street; that in preparing the letter to United the area inadvertently was indicated as 20 to 25,000 square feet; that thereafter United's local manager said the bid would be accepted if the Richters would do certain things; that the bid was accepted; and that the work was completed.

A second affidavit by the person in actual charge of the work alleged that the work was done as per the contract except as United's manager altered the area to be paved, and except for certain corrections the manager requested at the conclusion of the work; and that the manager stated the work was completed satisfactorily.

No formal affidavit was filed in opposition, but after a number of hearings the case was remanded to the pretrial calendar and all motions were continued until the date of the pretrial conference. On August 4, 1958, the parties appeared by their respective counsel for a pretrial conference, and on August 27, 1958, the court filed a pretrial order which, among other things, lists the defendant's contentions as follows:

''1. That by virtue of the allegedly material mistake in calculation made by plaintiffs, without fault of defendant, plaintiffs may not recover upon the express contract attempted to be pleaded in the second cause of action, and that the measure of their recovery is on a quantum meruit for the reasonable value of services rendered herein which have benefited defendant.

''2. That it was not bound to ascertain plaintiffs' alleged error and, in the exercise of reasonable care under the circumstances, cannot be compelled at its peril to ascertain the disparity in area allegedly mistakenly represented by plaintiffs, for the reason that plaintiffs undertook to measure and compute the area to be paved.

''3. Lastly, defendant contends that although it did not know, and in the exercise of reasonable care could not have been expected to know of plaintiffs' mistake, yet even if the

trier of fact should find against defendant in this matter; that is that it did know, or in the exercise of reasonable care should have known that plaintiffs were mistaken in their computations, yet as a matter of law no contract was formed by virtue of the mistake and that a quantum meruit is the only basis for plaintiffs' recovery.''

Thereafter, on December 22, 1958, the court filed its order granting the motions for judgment on the pleadings and for summary judgment and entered judgment in favor of plaintiffs.

Section 437c of the Code of Civil Procedure provides in part as follows:

''. . . [I]f it is claimed the action has no merit, or that there is no defense to the action, on motion of either party, . . ., supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. . . .''

■ The rules applicable to a motion for summary judgment under section 437c are well stated in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, at page 555 [122 P.2d 264], as follows:

''At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citing cases.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. ■ Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

■ ''The procedure is drastic and should be used with caution in order that it may not become a substitute for exist-

ing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)''

(See also *Severini* v. *Massac*, 140 Cal.App.2d 567, 569 [295 P.2d 472].)

Bearing in mind the foregoing rules, we think it is clear that the court erred in granting the motion for summary judgment. It is apparent from the pretrial order and from the affidavits filed by plaintiffs that there were issues of fact to be determined. The affidavits filed by the plaintiffs allege that a certain area was pointed out by defendant's manager (Walter Tooley) ; that a bid was made in which by error it offered to pave 20 to 25,000 square feet of land for six cents per square foot; that a contract was entered into and the work performed.

These affidavits on their face show that no contract for 220,000 to 250,000 square feet was entered into. Objectively, there was no contract for 200,000 to 250,000 square feet because this area was not mentioned between the parties. Contracts are the result of what people say, not what they intend to say. Unless it can be said that the essence of the contract was the price and not the area, the affidavits show that there was not a contract for the greater amount. This would seem to be a question of fact.

The defendant by pointing out the area to be paved was not bound as a matter of law by a contract for the actual area. It would be a question of fact as to what the contract was between the parties. As stated in *Walsh* v. *Walsh*, 18 Cal.2d 439, at page 443 [116 P.2d 62] : ''When a contract is in any of its terms or provisions ambiguous or uncertain, 'it is primarily the duty of the trial court to construe it *after a full oportunity afforded all the parties in the case to produce evidence of the facts, circumstances and conditions surrounding its execution and the conduct of the parties relative thereto.'* (*Barlow* v. *Frink*, 171 Cal. 165, 172 [152 P. 290].)''

In considering a motion for summary judgment under section 437c the question to be determined is whether there is a triable issue of fact. We think that it appears clearly from the record and the pretrial conference order that there were triable issues of fact, and this being so defendant was entitled to a full trial upon those issues before a court or jury. Section 437c was never intended to deprive a party of a right to a trial. The following quotation from *Walsh* v. *Walsh, supra,* at page 444, is applicable to the in-

stant case: "The summary judgment statute is drastic and its purpose is not to provide a substitute for existing methods in the trial of issues of fact. The use made of the statute in this case was a perversion and an abuse of it."

The judgment and order are reversed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied February 11, 1960, and respondents' petition for a hearing by the Supreme Court was denied March 9, 1960.

*Assigned by Chairman of Judicial Council.