[Civ. No. 10080.   Third Dist.   May 24, 1961.]

HAROLD A. FAULKNER et al., Respondents, v. EDWARD
J. TAYLOR et al., Appellants.

A. John Merlo for Appellants.

Robert E. Laughlin for Respondents.

SCHOTTKY, J.—Edward J. Taylor and Butte Steel Erectors, Inc., a corporation, sued herein as Faulkner and Taylor, Inc., a corporation, have appealed from a judgment in favor of Harold A. Faulkner and Dorothy B. Faulkner after the latter's motion for summary judgment was granted.

The action was brought by the Faulkners to recover the balance allegedly due on a note executed by Edward J. Taylor as an individual and by Faulkner and Taylor, Incorporated. The answer alleged that the note was fully paid and discharged as to Edward J. Taylor individually, and that the Faulkners agreed with the corporation that the note could be discharged at the rate of $100 per month, including interest.

Thereafter a motion for summary judgment was made by the Faulkners. The affidavit of Harold A. Faulkner in support of the motion alleged that on May 14, 1957, he assigned 50 shares of the common stock of Faulkner and Taylor, Incorporated, to Edward J. Taylor; that at the time of the assignment Taylor promised to pay Faulkner $5,000 for the assignment; that on May 16, 1957, Faulkner gave Taylor a receipt for $5,000, but that at the time the receipt was given Faulkner did not receive any money; that as a part of the same transaction Faulkner loaned the corporation $5,000 and the corporation gave Faulkner its receipt for the sum; that a note was executed by the defendants as consideration for the loan; that the loan called for payments of $100 a month, including interest at 6 per cent, and that the sum of $1,652, plus interest from May 15, 1959, was due.

The affidavit in opposition executed by Edward J. Taylor,

individually, stated that when he received the 50 shares of stock he executed a note for $5,000; that this note was paid; that he received a receipt from Harold J. Faulkner dated May 16, 1957, which receipt discharged him from all obligations under the note dated May 15, 1957; that it was agreed between the parties that the $5,000 receipted for by the corporation was to be paid back by the corporation and not by Taylor; that in fact the corporation did not receive the $5,000 for which the Faulkners gave a receipt; and that the "affiant should be required only to pay the reasonable value of the shares. . . ."

The affidavit filed on behalf of the corporation (actually filed by the successor to Faulkner and Taylor, Inc.) stated that the corporation executed the note and did pay the sum of $3,448, plus interest, but that the corporation never did receive the sum of $5,000 as shown by the receipt which was part of the affidavit filed by Faulkner.

The rules applicable to a motion for summary judgment under section 437c of the Code of Civil Procedure are well stated in *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, at page 555 [122 P.2d 264], as follows:

"At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citing cases.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

"For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should

be strictly construed and those of his opponent liberally construed. (*McComsey* v. *Leaf, supra* [36 Cal.App.2d 132 (97 P.2d 242)] ; *Fuller* v. *General Acc. Fire & Life Assur. Corp., Ltd., of Perth, Scotland,* 224 Wis. 603 [272 N.W. 839] ; see 13 So. Cal. L. Rev. 523.) ▋ And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. (*McComsey* v. *Leaf, supra.*)'' (See also *Severini* v. *Massae,* 140 Cal.App.2d 567 [295 P.2d 472] ; *Richter* v. *United Calif. Theatres, Inc.,* 177 Cal.App.2d 126 [1 Cal.Rptr. 895].)

▋ Bearing the foregoing rules in mind we think it is clear that the court erred in granting the motion for summary judgment. We believe it is apparent from the affidavits filed by appellants that there were issues of fact to be determined. Faulkner stated that he loaned $5,000 to the corporation. Both Taylor and the corporation stated that the corporation did not receive any money from Faulkner. Taylor also stated that he obtained a receipt from Faulkner for the $5,000 it is claimed that he owed Faulkner.

We believe that the trial court in granting the motion for summary judgment was making a determination of fact from the affidavits as to the issues involved in the action and did not give due consideration to the rule that the only issue to be determined by the court upon the motion was whether or not there had been ''presented any facts which gave rise to a triable issue or defense, and not to pass upon or determine the issue itself.''

▋ Respondents contend that the issue is moot as to Taylor because the judgment was satisfied since there was a levy on the corporation. There is no merit in this contention. If the judgment is reversed against the corporation, Taylor can again be subject to liability as a signer of the note.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.