Filed 10/16/14  Bank of America v. Unit 73 Meadow Lane Partnership CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Mono)

----

| | |
|---|---|
| BANK OF AMERICA, N.A., | C072332 |
| Plaintiff and Respondent, | (Super. Ct. No. CV17200) |
| v. | |
| UNIT 73 MEADOW LANE PARTNERSHIP et al., | |
| Defendants and Appellants. | |

In this skirmish of competing real property liens, we shall affirm the trial court's grant of judgment on the pleadings.  Based on the plaintiff bank's complaint and judicially noticeable facts, we conclude that a homeowners association (and, hence, its successor in interest, the defendants here), as a matter of law, had actual notice of circumstances sufficient to put a prudent person on an inquiry that would have disclosed that plaintiff bank had recorded its mortgage-based deed of trust *before* the homeowners association recorded its assessment lien for unpaid homeowner fees.  Consequently, the homeowners association (and its successor, the defendants) had constructive notice as a matter of law of plaintiff bank's senior deed of trust.  (Civ. Code, § 19.)

1

## FACTUAL AND PROCEDURAL BACKGROUND
## AND STANDARD OF REVIEW

Plaintiff Bank of America, N.A. (hereinafter Bank), filed this action (1) to reform a deed of trust to correct an error in the legal description of the underlying real property (the deed of trust erroneously describes the property as "Unit No. 72 of La Vista Blanc" rather than the correct "Unit No. 73 of La Vista Blanc"); (2) to obtain declaratory relief that the Bank's deed of trust is senior to the security interest in the property claimed by defendant La Vista Blanc Homeowners Association (hereinafter HOA); and (3) to correspondingly quiet title to the property.

The trial court granted Bank's motion for judgment on the pleadings against HOA. After HOA appealed, it transferred its interest in the underlying real property—a condominium unit in Mammoth Lakes (hereinafter Subject Property)—to defendants/appellants Unit 73 Meadow Lane Partnership, 66 Meadow Lane Partnership, and Unit 73 MLMM Partnership (hereinafter ML Partnerships).

In reviewing a plaintiff's successful motion for judgment on the pleadings, we review, like we do for a demurrer, the pleadings independently of the trial court, and matters that may be judicially noticed, and determine whether plaintiff is entitled to judgment. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216.) Essentially, all allegations in HOA's answer are deemed true, but not contentions, deductions or conclusions of fact or law; and all disputed allegations in Bank's complaint are deemed untrue. (*MacIsaac v. Pozzo* (1945) 26 Cal.2d 809, 813; *Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.) We must reverse if the complaint does not state facts sufficient to constitute a cause of action, or if the answer raises a material issue or an affirmative matter constituting a defense. (*MacIsaac*, *supra*, at pp. 812-813; *Barasch v. Epstein* (1957) 147 Cal.App.2d 439, 442-443 (*Barasch*).)

The operative complaint here is Bank's first amended complaint. Given our crimped standard of review and HOA's denial, in its answer, of most of the material facts

alleged in Bank's complaint, we are left—as HOA's successor, ML Partnerships, concedes—with only the following matters for our review: (1) the defense-admitted factual allegation in the complaint that the proper legal description of the Subject Property refers to "Unit No. 73," not "Unit No. 72"; and (2) two documents of which we can take judicial notice (and of which the trial court took judicial notice): (a) Bank's deed of trust, and (b) HOA's assessment lien.

Bank's deed of trust shows the following: On February 1, 2008, loan borrowers Roland J. Proctor, Marianne Proctor, and Greg Proctor executed a $300,000 promissory note to Bank, payable in full in regular periodic payments no later than March 1, 2038. This loan was secured by a deed of trust on the underlying real property, recorded by Bank on March 10, 2008. Besides specifying the borrower/property owners as named above, the Bank's deed of trust (1) set forth the address of the property ("122 Meadow Ln #66, Mammoth Lakes, California 93546"); (2) next to this address, set forth the "Parcel ID Number" of the property ("004001004007300"); and (3) in an attached exhibit A, set forth the legal description of the property (consisting, as relevant, of a property description of "Unit No. 72 of La Vista Blanc"; and a thrice-specified assessor's parcel number (APN) ("APN: 004001004007300"), which matched the Parcel ID Number and which contained the correct unit number "73").

As HOA admitted in its answer, the proper legal description for the Subject Property is actually "Unit No. 73 of La Vista Blanc."

HOA's assessment lien shows the following: As of February 26, 2010, "owner[s] Greg Proctor, Roland J. Proctor, [and] Marianne Proctor" had a total delinquent homeowners assessment claimed by HOA of $3,271 (consisting of unpaid assessments of $2,176, and additional late fees, attorney fees, and costs and interest of $1,095). HOA recorded its notice of delinquent assessment lien (assessment lien or HOA's assessment lien) on March 9, 2010 (i.e., two years after Bank recorded its deed of trust). HOA's

3

assessment lien specified (1) the property's "[c]ommon address" as "122 Meadow Lane Unit 73, Door 66, Mammoth Lakes, California 93546"; (2) the property's APN as "APN # 40-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"; and (3) the property's legal description, in an attached exhibit A, in language matching the legal description in Bank's deed of trust (including on what pages of what books in the county's recorder's office the pertinent recorded maps could be found), except HOA's assessment lien described the property as "Unit No. 73 of La Vista Blanc" while Bank's deed of trust stated "Unit No. 72 of La Vista Blanc" (and the assessment lien's attached legal description, unlike that of the deed of trust, did not restate the APN).

## DISCUSSION

As noted, we must reverse this judgment on the pleadings *if* (1) Bank's complaint does not state facts sufficient to constitute a cause of action, or (2) HOA's answer raises a material issue or an affirmative matter constituting a defense. (*Barasch*, *supra*, 147 Cal.App.2d at pp. 442-443.)

### I. Bank's Complaint Sufficiently States a Cause of Action

Bank's complaint alleges interrelated causes of action for reformation, declaratory relief, and quiet title.

To succeed on its reformation action, Bank must show there is a mistake in the deed of trust counter to what the parties to it intended, and the deed of trust can be reformed (corrected) without prejudice to rights acquired by third persons, who have acted in good faith, and for value, without actual or constructive notice. (Civ. Code, § 3399 [setting forth the requirements for reformation]; see 5 Miller & Starr, Cal. Real Estate (3d ed. 2009) Recording and Priorities, § 11:50, p. 170.)

4

And, as relevant here, for Bank to obtain declaratory relief and to quiet title to the Subject Property along these lines, it must show that its deed of trust is nonetheless valid as well as senior to HOA's assessment lien.

The issues, then, as to whether Bank has sufficiently established these three interrelated causes of action (counts, actually) boil down to two issues (that must be resolvable as a matter of law based on the pleadings and the matters judicially noticed): (1) whether Bank has a valid deed of trust (the deed of trust's seniority is not in dispute as it was recorded two years before HOA's assessment lien); and (2) whether HOA had constructive notice of that deed of trust.

### A. *Bank Has a Valid Deed of Trust*

The relevant parties to the deed of trust—Bank and the three borrowers, Roland, Marianne and Greg Proctor—intended the deed of trust to apply to the Subject Property, which is "Unit No. 73 of La Vista Blanc." This is known, as a matter of law, because Bank's deed of trust *and* HOA's assessment lien—a lien that indisputably applies to the Subject Property—specify the same property owners (Roland J. Proctor, Marianne Proctor, Greg Proctor), the same common address (down to the Subject Property's door number, "66," which is the most common of common ways to identify a unit in this condominium complex), and the same APN.

A deed of trust is considered valid, in terms of its property description, if it is possible from the whole description of the property to ascertain and identify the property at issue with reasonable certainty. (4 Miller & Starr, Cal. Real Estate (3d ed. 2013) Deeds of Trust and Mortgages, § 10:19, pp. 103-104; 3 Miller & Starr, Cal. Real Estate (3d ed. 2011) Deeds, § 8:61, pp. 164-165.) No particular form of description is required. The property may be identified by an address or even by its descriptive name. (3 Miller & Starr, *supra*, § 8:61, p. 165.)

Given the substantively identical property-identifying information as to owners, common address, and APN that appears in *both* Bank's deed of trust and HOA's assessment lien regarding the Subject Property, and further given that the correct APN appears three times in the deed of trust's mistaken legal description (unit "72") of the Subject Property and that the APN itself contains the correct unit number "73," we find that the deed of trust, as a matter of law, has an adequate property description and is valid.[1]

### B.  HOA Had Constructive Notice of Bank's Deed of Trust

Bank's deed of trust, as the pleadings affirm, mistakenly describes the Subject Property as "Unit No. 72 of La Vista Blanc" rather than "Unit No. 73 of La Vista Blanc." The question is whether Bank's deed of trust can be reformed (corrected) in this respect without prejudice to HOA's assessment lien rights.  (See Civ. Code, § 3399; 5 Miller & Starr, *supra*, § 11:50, p. 170 [a written instrument can be reformed only if reformation can be done without prejudice to rights acquired by third persons, who have acted in good faith, and for value, without actual or constructive notice of a prior interest].)  The question of prejudice here involves whether HOA had constructive notice of Bank's deed of trust as a matter of law.  We set forth the trio of legal principles that apply to this question.

---

[1] HOA's successor, ML Partnerships, disagrees, relying on Revenue and Taxation Code section 11911.1, which states in part, "The [APN] will be used only for administrative and procedural purposes [as to local ordinances that require the number be stated on documents for the documentary transfer tax] and will not be proof of title and in the event of any conflicts, the stated legal description noted upon the document shall govern."  We are not persuaded.  While an APN *alone* is not the legal description or the proof of title of a property for these documentary transfer tax purposes, an APN nevertheless can be considered as part of an overall property description for deed validity purposes, and can also be considered as a circumstance for constructive notice purposes (see pt. I.B. of this opinion, *post*).

6

First, a preferential priority is given a property encumbrancer, termed a "bona fide encumbrancer," who acquires a lien interest in property in good faith and for value without knowledge or notice of a prior interest. (5 Miller & Starr, *supra*, § 11:50, p. 170.)

Second, regarding such knowledge or notice, "[e]very person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code, § 19.)

And, third, "where th[os]e circumstances are such that only one conclusion [can] reasonably be reached relative to their sufficiency for [putting a prudent person on inquiry as to a particular fact], the question becomes one of law subject to ultimate resolution by the appellate court." (*Southern Pac. Co. v. City & County of San Francisco* (1964) 62 Cal.2d 50, 56-57.)

Applying these three legal principles, we arrive at our answer. Given the substantively identical property-identifying information as to owners, common address, and APN that appears in both Bank's deed of trust and HOA's assessment lien regarding the Subject Property and, further, given that the correct APN appears three times in the deed of trust's mistaken legal description (unit "72") of the Subject Property and that the APN itself contains the correct unit number "73," we find that HOA, as a matter of law, had actual notice of circumstances sufficient to put a prudent person upon inquiry as to Bank's deed of trust. Consequently, HOA, as a matter of law, had constructive notice of Bank's prior recorded, valid deed of trust and is not a bona fide encumbrancer in this respect.

We conclude, then, as a matter of law, that Bank's deed of trust mistakenly specifies the unit number for the Subject Property, that the deed of trust is nonetheless valid and is senior to HOA's assessment lien, and that HOA had constructive notice of

7

that valid deed of trust; consequently, the deed of trust is reformable ("Unit No. 73" in place of "Unit No. 72"). Accordingly, Bank has sufficiently established its causes of action for reformation, declaratory relief, and quiet title.

One question remains: whether HOA's answer raises a material issue or an affirmative matter constituting a defense. (*Barasch*, *supra*, 147 Cal.App.2d at pp. 442-443.) We turn to that question now.

## II. HOA's Answer Does Not Raise a Material Issue or an Affirmative Defense

Based on HOA's answer, ML Partnerships (HOA's successor), raises the following issues on appeal, as quoted from its reply brief:

"1. The undisputed facts in this case are insufficient to meet the elements of [Bank's] causes of action;

"2. [Bank's] claims are barred by the doctrine of laches;

"3. [Bank's] claims are barred by the doctrine of estoppel;

"4. [Bank's] deed of trust is void and unenforceable [because its legal description of the Subject Property is inadequate];

"5. [Bank's] deed of trust is not enforceable against [ML Partnerships] because [HOA], [ML Partnerships'] predecessor in interest, was a bona fide [encumbrancer and, hence,] purchaser;

"6. [Bank's] motion for judgment on the pleadings . . . was in violation of the California Code of Civil Procedure section . . . 438[, subdivision] (e) because the motion was not timely filed; [and]

"7. Even if the Court disagrees with [ML Partnerships'] interpretation of the foregoing issues, this Court should still reverse the trial court's decision because there

8

was a reasonable probability that any defect could be cured by amendment to [the] answer."

We have already found against HOA (and hence, its successor, ML Partnerships) on issues 1, 4 and 5. We shall now address issues 2, 3, 6 and 7, in order.

As for issue 2—laches—ML Partnerships relies on the facts that Bank recorded its mistaken deed of trust on March 10, 2008, and did not file its action to reform this document until December 30, 2010. As Bank points out, however, "[r]egardless of whether or not [Bank] brought its legal action to correct the Deed of Trust within a reasonable period of time, [HOA] was already on [constructive] notice of the Deed of Trust [no later than when HOA recorded its assessment lien in March 2010] and therefore cannot reasonably assert prejudice due to any purported delay by [Bank]" (as the defense of laches requires—*Getty v. Getty* (1986) 187 Cal.App.3d 1159, 1170).

As for issue 3—estoppel—ML Partnerships relies on the equitable principle that when one of two innocent persons must suffer a loss, the loss must be borne by the one whose act or failure to act brought about the injury. (*Jessup v. Cattle Center, Inc.* (1968) 259 Cal.App.2d 434, 439.) However, ML Partnerships, HOA's successor, is not as innocent as it appears to portray itself; Bank is no more liable than HOA given HOA's constructive notice, as a matter of law, of Bank's deed of trust.

As for issue 6—timeliness—ML Partnerships relies on Code of Civil Procedure section 438, subdivision (e), stating that a motion for judgment on the pleadings may not be made "within 30 days of the date the action is initially set for trial . . . unless the court otherwise permits." This action was initially set for trial on June 6, 2012. Bank made its motion on July 11, 2012. There are two responses to this issue. First, the trial court implicitly permitted Bank's motion. Second, case authority, decided after the cited statute was enacted, has stated that a motion for judgment on the pleadings—the success of which requires dispositive question(s) of law centered on the pleadings—may be made

9

at any time either prior to the trial or at the trial itself.  (*Stoops v. Abbassi* (2002) 100 Cal.App.4th 644, 650.)

And, finally, as for issue 7—amending the answer—given all we have said previously, there is not a reasonable probability or possibility that HOA's answer can be amended to save HOA's successor, ML Partnerships.[2]

## DISPOSITION

The judgment is affirmed.  Respondent Bank is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                           _____BUTZ_____, J.

We concur:

_____RAYE_____, P. J.

_____DUARTE_____, J.

---

**2** The fact the trial court earlier had ruled, in denying Bank's motion for summary judgment, that the question of HOA's constructive notice of Bank's deed of trust was a question of fact, does not alter our resolution of this appeal.  A trial court is free to reexamine such a ruling, as the trial court did here, in a subsequent motion for judgment on the pleadings.  (See *Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 877.)  Paraphrasing that old adage, if a trial court cannot change its mind, how can the court be sure it still has one.  (See Edward de Bono, 1933.)

Finally, we would be remiss if we failed to note that Bank has cited and quoted in its brief *Selby v. Burtch* (1987) 193 Cal.App.3d 147, for the proposition that constructive notice is an issue of law, not an issue of fact.  Although the Supreme Court denied review of *Selby* on September 17, 1987, it also ordered *Selby* depublished.  Citing depublished cases as precedent is prohibited on appeal.  (Cal. Rules of Court, rules 8.1115(a), 8.1125(c)(2).)